Points decided.

[No. 2,355.]

## CALEB S. HOBBS v. WILLIAM R. DUFF ET AL.

LAW OF A CASE.—Points decided by the Supreme Court on an appeal become the law of the case in all subsequent proceedings.

PROOF OF SERVICE OF NOTICE.—The service of a notice to take depositions may be proved by oral testimony.

ERRONEOUS ADMISSION OF EVIDENCE—WHEN NOT INJURIOUS.—If it is the theory of the defendant in an action that a certain person has acquired the title to real estate, he is not injured if the plaintiff proves such to be the case by parol instead of written testimony, especially if the written evidence is also introduced, and the parol testimony does not add to or contradict it.

PROOF OF OWNERSHIP OF LAND.—Evidence that a person acquired the possession of and leased land to another tends to show that he is the owner of it.

IDEM.—Evidence of the pecuniary standing and ability of a person is competent, on an issue as to whether he is in equity the owner of the land the title to which has been taken in his name.

IDEM.—Evidence that certain persons controlled or superintended real estate is admissible for the purpose of showing that such persons in equity own it, although the legal title stands in another.

OBJECTION TO A DEPOSITION.—Objection to a deposition cannot be made, unless taken when it is offered in evidence.

EVIDENCE OF DECLARATIONS MADE UNDER OATH.—A referee was appointed to take and report the testimony in a cause. A witness called before him was first sworn on his *voir dire*, but the referee did not take down what the witness said in his *voir dire*: *Held*, that in another action in which the witness was a party the opposite party might prove by the referee what the witness said on his *voir dire*.

COLLATERAL ATTACK ON JUDGMENT.—A judgment cannot be attacked collaterally by evidence to show that the parties stipulated to a different judgment from the one entered.

REFORMING JUDGMENT.—A judgment which is not what it should have been can be reformed only in a direct proceeding brought for that purpose.

CONCLUSIVENESS OF JUDGMENT.—The minutes of the Court, if they differ from the judgment roll, are not admissible in evidence for the purpose of varying or contradicting the roll.

APPEARANCE BY ATTORNEY ON NEW TRIAL—MOTION.—When there are several defendants, and one of them appears by an attorney who conducts the cause for him, and the attorney gives notice of motion for a new trial, in which he signs himself "attorney for the defendants," the motion for a new trial must be limited to the defendant for whom the attorney appeared.

AUTHORITY OF ATTORNEYS.—When there are several defendants, and each appears by his own attorney, the proceedings on behalf of defendants must be conducted by their respective attorneys, and the attorney for one defend-

ant cannot give notice of motion, or accept service of notice, or stipulate for another.

WAIVER OF NOTICE OF MOTION FOR NEW TRIAL.—If a party who does not give notice of motion for a new trial files a statement, and the opposite party settles the statement, or files amendments, and the statement is settled, without reserving his right to object for want of notice, he waives the notice.

ENJOINING A JUDGMENT.—A party who recovered a judgment, and assigned it before the commencement of an action to enjoin the collection of the same, brought against him and his assignee, cannot be heard in the Supreme Court, upon alleged errors in the trial, which resulted in granting the injunction. Having no interest in the judgment, he is not injured by the injunction.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

As stated in the opinion, the main facts in this case, the character of the action, etc., are found in the report of this case in 23 Cal. 596. It is unnecessary to repeat those facts here. The preliminary injunction was there affirmed, and on the trial it was made perpetual, and this appeal is from the judgment.

On the trial in the Court below, the plaintiffs called Tully R. Wise as a witness. In a former action tried in the Twelfth District Court, in which A. K. Fisher was seeking to enforce a mortgage against the steam tug "Mary Ann," W. R. Duff was called as a witness before said Wise, the referee in the case. Duff was first sworn on his *voir dire*, and the plaintiffs proposed to prove by Wise what Duff said on his *voir dire*.

In 1857 Fisher brought suit against the Humboldt Lumber Company and others to enforce a mortgage. Judgment was rendered for plaintiff, not only enforcing the mortgage, but for execution for a deficiency, if any existed. This is the judgment referred to in the opinion when it speaks of "the offer to show," etc.

The other facts are stated in the opinion.

*G. F. & W. H. Sharp*, and *Patterson & Stow*, for Appellants.

*James McM. Shafter*, for Respondents.

In *Grant* v. *White*, 5 Cal. 55, it was held that the attorney of record is the only person upon whom a notice can be served. The reasons are doubly strong why a stranger should not be permitted to give the notice. (*Bogert* v. *Bancroft*, 3 Caines, 127.) Notices must be signed by attorney. (*Jerome* v. *Boeram*, 1 Wend. 293.)

Notice of motion had been given by attorneys on behalf of a defendant. Plaintiffs' attorney objected to hearing the motion, on the ground that defendant had appeared by another attorney. "The notice should have been given in the name of the attorney originally retained, or a regular substitution shown. For that cause the motion is denied, with costs." (*Board of Commissioners* v. *Younger*, 29 Cal. 147.) The right of the attorney of record to control the action is declared even as against his client—the party. The only redress the party has is to move a substitution. "So long as he remains attorney of record the Court cannot recognize any other as having the management of the case." In *Willson* v. *Cleveland*, 30 Cal. 192, the same doctrine was affirmed.

The question is squarely presented. When there are several defendants carefully appearing by different attorneys, can any one of these attorneys be permitted to manage the case of all the defendants, or is such client at liberty to claim to be represented solely by his own attorney? Is the other party at liberty and allowed to treat each attorney as having full power over the whole case; to give all notices for everybody; to receive all service for everybody, and to stipulate away the rights of everybody; and this, too, when perhaps the interest of his client is identical with the plaintiff with whom he comes to a friendly agreement; or must he recog-

nize each attorney as the only representative of the party
for whom he appears?


By the Court, RHODES, J.:

A concise and accurate history of the litigation out of
which this suit grows, is given in the report of *Hobbs* v. *Duff*,
23 Cal. 596, which was an appeal from the preliminary
injunction, which, by the decree from which this appeal is
taken, was made perpetual. On that appeal most of the
questions going to the merits of this controversy were de-
cided. It was then held that the plaintiffs were not estopped,
either by the judgment in *Duff* v. *Fisher*, or by the judg-
ment in *Duff* v. *Hobbs*, or by the judgment in *Duff* v. *God-
dard*, from showing that William R. Duff was only a trustee
for Ryan & Duff. It was also held that there was a suffi-
cient consideration to support the assignment of the unsatis-
fied balance of the judgment of foreclosure in *Fisher* v.
*Ryan*; that this action in equity could be maintained, although
in the action at law on the appeal bond—*Duff* v. *Hobbs*—the
defendants attempted, but failed, to set off the balance due
on the judgment of foreclosure, against the demand on the
appeal bond; that the proceedings in *Duff* v. *Hobbs* imparted
notice to Josephi of the set-off claimed by the present plain-
tiffs, and that without regard to the question of notice, he
took his assignment, subject to the plaintiff's right to such
set-off; that if William R. Duff is a mere trustee for Ryan
and J. R. Duff, he is not injured by the set-off, and that the
latter are not injured, for the set-off satisfies a portion of their
indebtedness. Other points were decided, about which no
question is now made. The decision on the points above
mentioned, became the law of the case.

Objection is taken to the depositions of Buhne *et al.*, on
the ground that no notice of their taking was shown. It was
proven by oral testimony that the notice was given to the

attorneys of Wm. R. Duff; and no reason is given why the proof of service may not be made in that manner as well as by affidavit. It is also shown by an affidavit that the notice was served on the attorneys for Wm. R. Duff and Josephi.

The defendants interposed objections to the larger portion of all the questions which were propounded by the plaintiffs to Buhne and others, and they now rely upon all those objections, and specify particularly a number of questions which were asked of each witness; but they do not undertake to show wherein the questions were objectionable. The statement shows that all the objections found in the depositions were presented to the Court, and were overruled. It will suffice to advert to the character of some of those questions, in classes, without taking them up in detail. Questions were asked of the witnesses to show that William R. Duff acquired the title to one of the mills and the steam-tug—portions of the property which was sold at the foreclosure sale. That was the theory of the defendant's case, and it could do them no injury to prove the fact by oral testimony. The record in *Duff* v. *Fisher* was better evidence of such fact; but the record was introduced in evidence, and as the oral evidence did not add to, vary, or contradict the record in the respect mentioned, no injury resulted to the defendants from its admission. The testimony of those witnesses, going to show that Wm. R. Duff acquired the possession of such property and that he leased the mill to certain persons, instead of injuring the defendants rather strengthened their position, as it tended to show that he was in fact the owner of the mill. Evidence as to the pecuniary standing and ability of William R. Duff, was competent on the issue, as to whether he was in equity the owner of the property, the title to which was taken in his name. Testimony showing that Ryan and J. R. Duff, or either of them, par-

ticipated in the treaty for the lease of the mill, or received portions of, or settled for the rent, or superintended matters in respect to the mill, was clearly competent, as tending to prove one of the material issues—which was that they, Ryan and Duff, were the equitable owners of the contract for the purchase of the mill, and of the judgment rendered in proceedings having their origin in that contract. The objections require no further notice.

The objection which is now made to the deposition of Ferguson, was not made when the deposition was offered in evidence; and besides this answer to the objection, it appears by the matters added to the transcript by stipulation, that a notice of the application for a commission to take the deposition was given.

The testimony of Wise was objected to on the ground that it was not the best evidence—that the record of the examination of the witness ought to be produced; but the objection was properly overruled, because the testimony of Wise referred to the testimony of the witness on his *voir dire,* and on the production of the record it did not show that the witness was sworn or gave any testimony on his *voir dire.*

The offer to show that the foreclosure suit was an amicable suit, and that it was agreed that no personal judgment should be rendered, was properly rejected. The invalidity of that feature of the judgment—the personal liability for the deficiency, after the sale of the mortgaged property— could not be proven, unless it had been alleged in the answer, and the answer contains no such allegation. If the judgment was not what it should have been, it can be reformed only in a direct proceeding brought for that purpose. *Carpentier* v. *Oakland,* 35 Cal. 439, is clear authority that it is not liable to a collateral attack on that ground.

We do not understand that the minutes of the Court in the foreclosure suit show any material fact which is not

shown by the judgment roll. They were, therefore, immaterial. But if they differ in any material respect from the roll, they were not admissible to vary or contradict the roll.

There is no error in the remaining specifications.

There is a further point which is presented by the plaintiff, which is decisive of this appeal. Josephi, to whom the judgment on the appeal bond was assigned, before the commencement of this action, is the only person who is interested in that judgment. He appeared by Patterson & Stow; G. F. Sharp appeared for William R. Duff, by filing a demurrer, and he is the only defendant for whom the Messrs. Sharp appeared. The notice of motion for a new trial was given by "G. F. & W. H. Sharp, attorneys for defendants." The statement on new trial is signed by G. F. & W. H. Sharp, and Patterson & Stow. The plaintiffs' attorneys stipulated to the correctness of the statement, and in the stipulation reserved "all exceptions and objections to the right to make such statement." The notice of appeal is given on behalf of the *defendants*, and is signed by G. F. & W. H. Sharp and Patterson & Stow. The record does not show a substitution of attorneys for any of the defendants. The plaintiffs insist that the motion for a new trial must be limited to William R. Duff, the only defendant for whom either of the Messrs. Sharp appeared, and we are of the opinion that the point must be sustained. Where there are several defendants to an action, and each appears by his own attorney, the proceedings in the cause on behalf of the defendants must be conducted by their respective attorneys until their authority is revoked, or other attorneys substituted. The attorney for one defendant has no more authority to give a notice for another defendant than he has to accept service of notices or other papers, or enter into stipulations for him, or consent to an order or judgment against him. The settlement by the attorneys of a statement on new trial, filed on behalf of a party who had not given notice of his intention to move for

a new trial, or the proposing of amendments to such state-ment, if the settlement was made, or the amendments were filed, without objection for the want of such notice, would amount to a waiver of the notice. In this case, however, the objection was made in the manner already mentioned, and the plaintiffs will not be deemed to have waived notice of the motion on the part of Josephi. The only defendant who can be heard on the grounds specified in the statement—they being the only grounds now relied upon—is William R. Duff (*Spangel* v. *Dellinger*, 42 Cal. 148.) He had assigned the judgment before the commencement of this action, and does not appear to be interested in the litigation, and therefore has no cause to complain of alleged errors, which might have been prejudicial to his assignee or to Josephi.

Judgment and order affirmed.

Mr. Chief Justice WALLACE, being disqualified, did not sit in this case.

Mr. Justice CROCKETT did not sit in this cause.