[No. 5830.]
WM. PRESCOTT v. JOHN SALTHOUSE ET AL.

ATTORNEY AT LAW—ORDER ASSOCIATING COUNSEL.—An order of Court associating a new attorney with other attorneys in a case is not authorized by the Code of Civil Procedure, but provision is made for the substitution of an attorney after notice to the adverse party.

APPEAL from the District Court of the Twentieth Judicial District, San Benito County.

The facts are stated in the opinion.

*Julius Lee*, for Appellant.

*Wm. Matthews*, for Respondents.

By the COURT:

Upon trial of this action, judgment was rendered for the defendant. Subsequently, Julius Lee, Esq., subscribing himself "Attorney for Plaintiff," served upon the attorney for the defendant a notice of intention to move for a new trial, and in due time thereafter presented to the Judge who tried the cause a proposed bill of exceptions in support of the motion for a new trial. The regularity of the service of the notice and presentation of the bill of exceptions were duly objected to by the attorney of the defendant, on the ground that Mr. Lee was not the attorney of record of the plaintiff, and was therefore not competent to give a notice or present a bill of exceptions in the cause. These objections were duly noted and preserved in the bill of exceptions sent up in the record. The Court below denied the motion of the plaintiff for a new trial, and thereupon Mr. Lee, as attorney for the plaintiff, filed a notice of appeal from the judgment and order denying a new trial, and caused service thereof to be made upon the attorney for the respondent, by transmission of a copy through the post-office.

At the argument here, the appeal from the judgment was dismissed, because not brought within one year after the entry of the judgment below.

The counsel for the respondent insists that the appeal from the order denying a new trial must also be dismissed, because Mr. Lee, by whom the procedure on appeal is conducted, is not the plaintiff's attorney of record.

Mr. Lee certainly was not an attorney of record for the plaintiff at the commencement of the action, nor did he thereafter appear therein in anywise previously to the trial. At the trial, however, an order of the Court below was made as follows: "Ordered, that Julius Lee be and is hereby associated as attorney of record with Messrs. Baggs and Tully for the plaintiff, etc." This order was made on the 5th day of August, 1875, and the Clerk having omitted to enter it in the minutes, it was subsequently, and on August 8th, 1876, entered therein, *nunc pro tunc*, as of the former day.

Such an order—that is, an order *associating* a new attorney —is unknown to the practice as prescribed by the Code of Civil Procedure. That Code provides for the *substitution* of one attorney for another, either upon the consent of the superseded attorney, or upon the application of the client, after notice to the attorney of record. (Code of Civil Procedure, sec. 284, *et seq.*) Upon such a change, made in either mode, *written notice* must be given to the adverse party, and until such *notice given*, the former attorney must be recognized. (Ibid. sec. 285.) It follows, therefore, that even if the *nunc pro tunc* order is to be regarded as operating a substitution of Mr. Lee, it was ineffectual for want of the prescribed notice.

But, as seen already, it was, in its very terms, merely an association of Mr. Lee with the attorneys of record for the plaintiff. It did not in any view purport to authorize him to act solely as the attorney for the plaintiff, but only in conjunction with the other attorneys for the plaintiff, who had not been superseded or removed.

The notice of intention to move for a new trial was, however, not given by Mr. Lee, as attorney for the plaintiff, *associated with the other attorneys* for the plaintiff, but as sole attorney of record of the plaintiff—a position in which, as observed already, the *nunc pro tunc* order did not purport to place him.

If Mr. Lee desired to appear at the trial as counsel for the

plaintiff, an order of the Court was not necessary to enable him to do so.

We think, therefore, that the objections taken by the counsel for the respondent must prevail, and the appeal from the order denying a new trial must be dismissed; and it is so ordered.