|55 395|
|114 591|

[No. 6,915.—Department No. 2.]

## WHITTLE v. RENNER.

APPEAL—SERVICE OF NOTICE—ATTORNEY—DEFINITION—DISMISSAL OF APPEAL.—The attorney referred to in § 940 of the Code of Civil Procedure (in the clause requiring the notice of appeal to be served " on the adverse party or his attorney") is the *attorney of record*, and a notice served upon any other, unless the objection is waived, is void.

MOTION to dismiss appeal.

There appears upon the answer, and upon the notice of intention to move for a new trial, and upon the statement, an acknowledgment of service, signed, "Edwin Shearer, Attorney for the Plaintiff"; and the findings and judgment recite, that E. Shearer appeared as counsel for the plaintiff.

The other facts are stated in the opinion.

*C. Edgerton* and *H. Edgerton*, for Appellant.

*R. A. Redman*, for Respondent.

THORNTON, J.:

In this cause a motion is made to dismiss the appeal taken from the judgment and from the order denying a new trial, on the ground that the notices of appeal were not served on the attorney of record of the plaintiff in the Court below, respondent here. T. A. Bantz was the attorney of record, and the notice of appeal was served on E. Shearer. There was no substitution of Shearer in place of Bantz.

It provided by § 940 of the Code of Civil Procedure, that " an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof, and serving a similar notice on the adverse party or his attorney."

In *Prescott* v. *Salthouse*, 53 Cal. 221, an appeal was dismissed where the notice of appeal was signed and service made by Julius Lee, Esq., who was not the attorney of record of the party on whose behalf the appeal was attempted to be taken.

The Code of Civil Procedure nowhere expressly requires that the notice of appeal must be signed by the attorney of record

of the party taking the appeal.    We are not, however, disposed
to question the correctness of the judgment in *Prescott* v. *Salt-
house.*

The section from which the words above quoted are taken
requires service of the notice " on the adverse party or his
attorney."    The attorney here referred to is the attorney of rec-
ord.    The service on the adverse party must be a service on
him personally, and in this case there had been no such service.
We find nothing in the record which shows a waiver of the serv-
ice on the attorney of record.

The motion to dismiss the appeal is granted, and an order will
be entered to that effect.

SHARPSTEIN, J., and MYRICK, J., concurred.