[No. 6,750.—Department Two.]

## JAMES WITHERS *v.* D. S. LITTLE ET AL.

SUBSTITUTION OF ATTORNEYS—APPEAL—WAIVER.—A paper signed by the original attorney of the appellant, substituting other attorneys, was filed in the Court below, but not served on the other attorneys; and afterwards a notice of appeal, signed by the substituted attorneys, was served upon the plaintiff's attorneys and also upon the attorneys of the other defendants; and service in writing was admitted by the former. *Held,* that the plaintiff's attorneys, in acknowledging service of the notice, waived the objection that notice of the substitution had not been served upon them; and as to whether the appeal was well taken as to the other respondents, *held,* unnecessary to decide.

RECORD OF MORTGAGES — PURCHASER FOR VALUE — FINDINGS — PLEADING — COMPLAINT.—In an action to foreclose a mortgage, in which one J.—also a mortgagee of the same land—was a party defendant, the complaint alleging and the answer not denying the execution of the note and mortgage sued upon, and copies of the same being attached, the Court found that J.'s mortgage was prior in date but subsequent in record to that of the plaintiff, and that the plaintiff had no notice of the same; but it was not found that the plaintiff paid or advanced any money when he took his mortgage. *Held,* that, unless this was done, he was no more than a volunteer, and his mortgage could not outrank the prior mortgage of S.; and *held,* further, that there was no sufficient averment in the complaint that the plaintiff was a mortgagee for value.

APPEAL from a judgment for the plaintiff, in the Twentieth District Court, County of Monterey. BELDEN, J.

*Houghton & Reynolds,* for Appellant.

It is not averred in the complaint nor is it found that the plaintiff's mortgage was given to secure any indebtedness. (*Long* v. *Dollarhide,* 24 Cal. 22; *Colton* v. *Seeney,* 22 id. 503.)

*W. H. R. Parker,* and *William Matthews,* for Respondent Withers.

*D. S. Gregory,* for Respondent Little.

THORNTON, J.:

The plaintiff instituted this action for the foreclosure of a mortgage alleged to have been executed to him by Milton Little and Mary, his wife. The complaint is in the usual form. The mortgagors above mentioned, and David Jacks, were made de-

fendants. The mortgage to plaintiff was executed on the 11th day of December, 1875, to secure a promissory note bearing date and executed on that day, due twelve months after date, and payable to the plaintiff or order. This mortgage is alleged to have been recorded in the proper office, on the 16th of December, 1875. Little and wife suffered default.

Jacks filed an answer and cross-complaint, in which he avers that, on the 21st day of July, 1874, the defendants Little and wife were indebted to him in the sum of $5,000; that on that day they executed to 'him their promissory note, due twelve months after date, for the sum above mentioned, with interest, etc.; that on the same day, to secure the payment of this note, they executed to him a mortgage, in which was embraced, together with other parcels of land, the lots included in plaintiff's mortgage. All of the land referred to is situate in the county of Monterey. It is further stated in this pleading, that the mortgage to Jacks was recorded on the 2nd day of June, 1876, and that on or about the 11th day of December, 1875, and before the execution of the mortgage to plaintiff, the defendant Milton Little informed plaintiff that he and his wife had executed to Jacks the mortgage above mentioned, to secure the payment of the note for $5,000, above referred to; that it (the mortgage) was then in existence, and prior to the mortgage to plaintiff; and that plaintiff took his mortgage with full knowledge of the execution and existence of Jacks's mortgage. Jacks prayed for a judgment for the amount due on his note against Little and wife, for a foreclosure of his mortgage, and that the mortgage of plaintiff be declared to be subsequent to his mortgage. No answer was filed to this cross-complaint.

The cause came on for trial, and the Court found, among other facts not necessary to be here further referred to, that plaintiff's mortgage, though executed after the mortgage to Jacks, was first recorded; that the plaintiff had no notice of the mortgage to Jacks at the time of the execution of his mortgage, and not until the 2nd day of June, 1876, on which day it (the Jacks mortgage) was recorded.

The decree of the Court postponed the Jacks mortgage to that of plaintiff. From this decree, Jacks prosecuted an appeal.

The respondent Withers excepts to the transcript, and objects

to the appellant being heard in this Court, on the ground that the notice of appeal is not signed by the attorney of record of the appellant.

The notice of appeal was signed by Houghton & Reynolds, as attorneys for defendant David Jacks, and bears date the 21st of July, 1879. On the 19th of the same month, a paper signed by the then attorney of record, William H. Webb, was filed in the Court below in this cause, in which it is stated, that at the request of the defendant " *in said cause*," David Jacks, he (Webb) substitutes Houghton & Reynolds, as attorneys therein for said defendant David Jacks, to which statement Jacks appends his consent in writing. It further appears from the transcript, that the above notice of appeal was, on the 21st day of July, 1879, served on the attorneys of plaintiff, who acknowledged the service as follows: " Received a true copy of the within notice, this the 21st day of July, 1879."

It is urged that the substitution was not made for the reason that no notice of it was served on the attorney for plaintiff.

The matter of change and substitution of attorney is in this State regulated by the Code of Civil Procedure. (Code Civ. Proc. §§ 284, 285.) The change is made by complying with the provisions of § 284. This was done in the case before us, by consent of client and attorney filed with the clerk. The change was then complete. It is further required by § 285, that " written notice of the change and of the substitution of a new attorney " must be given to the adverse party, and that until such notice is given he must recognize the former attorney.

This provision as to notice was made for the benefit of the respondent; and in our opinion, when the notice was given, the plaintiff's attorneys, if they did not intend to recognize Houghton & Reynolds as attorneys for Jacks, should have refused to acknowledge service. By acknowledging service in the manner above stated, they waived the right to object that the appeal should not be heard when the case was brought on in this Court.

For these reasons, we think that the appeal is here as to the plaintiff, and should be heard.

The only point presented for decision is, whether the facts found support the judgment.

It is found, as above stated, that the mortgage to Jacks was

prior in date, but was not recorded until several months after the mortgage to the plaintiff had been recorded; and that at the time that the mortgage to the plaintiff was executed, he had no notice of the prior mortgage to Jacks, and never had notice of it until it was recorded. It is not found that the plaintiff paid or advanced any money when he took his mortgage; and unless this was done, he was no more than a volunteer, and the security executed to him could not outrank the prior security made to Jacks. Although the plaintiff was a purchaser without notice, he was not a purchaser for value, and his conscience was as much bound by the prior equity of the defendant Jacks as were the consciences of his mortgagors. In fact, he occupied no better position than his mortgagors.

It is argued, on behalf of the plaintiff, that it is admitted by the pleadings that the plaintiff was a purchaser for value. On a careful examination of the pleadings, we find no such admission. It cannot be maintained that the defendant made any such admission in his answer by a failure to deny it, for the reason that there is no averment to that effect in the complaint.

In considering this cause, we have regarded the appeal as to the administrator of Milton Little and Mary Little, his wife, not properly taken; and in accordance with the foregoing views, the judgment is reversed, and the cause remanded, with directions to the Court below to enter a judgment, giving priority to the mortgage of the defendant Jacks, as to such portion of the amount due on it as shall not have been satisfied by a sale of that portion of the property embraced in the mortgage to Jacks, which is not included in the mortgage to plaintiff.

MYRICK, J., and SHARPSTEIN, J., concurred.

After the foregoing judgment was rendered, the respondent filed his petition for a rehearing in Bank, and for a modification of the judgment, on the ground that it does not appear that the Court below passed upon the question, whether the plaintiff parted with any value for the note and mortgage; and this was made an issue by the answer of Jacks. (Code Civ. Proc. § 462.)

The Court denied a rehearing, but made an order modifying the judgment, and remanding the case, with directions that a new trial be had.