[S. F. No. 359.    Department One.—October 24, 1896.]

## THOMAS McMAHON, Respondent, *v.* JOHN THOMAS et al., Appellants.

New Trial—Notice of Motion—Signature by Attorney not of Record—Appeal—Affirmance of Order Denying Motion.—A notice of motion for new trial must be signed by the attorney of record, and if it is signed by another attorney who is not of record, and who has not been regularly substituted as attorney for the moving party, an order denying the motion for new trial will be affirmed upon that ground, without an inquiry into the merits of an appeal therefrom.

Id.—Appearance of Attorney upon Former Appeal—Waiver.—An attorney may appear for an appellant, though he is not an attorney of record in the court below; but such appearance cannot authorize the subsequent signature by such attorney of a notice of motion for a new trial, without a proper substitution in the court below as attorney of record for the moving party, nor does recognition of such attorney as the attorney for such party upon the former appeal waive objection to his want of authority to sign such notice.

Appeal from a judgment of the Superior Court of San Benito County and from an order denying a new trial. J. H. Logan, Acting Judge.

The facts are stated in the opinion of the court.

*L. W. Jefferson,* and *William A. Beasly,* for Appellants.

The fact that L. W. Jefferson signed alone the notice of motion for a new trial was not ground for denying said motion. He was an attorney of record of the superior court, and respondent's counsel had dealt with and recognized him as such for months before the notice of motion for a new trial was given. (Hayne on New Trial and Appeals, 626; *Livermore* v. *Webb,* 56 Cal. 490.) The settled statement shows that the superior court settled the question in favor of the sufficiency and validity of the notice of motion, which it could properly do; as by joining with Mr. Jefferson in certifying that the transcript, in the former appeal, was correct, counsel for respondent waived the right to object to his competency. (Code Civ. Proc., secs. 661, 670, 952; *Ferrer* v. *Home Mut. Ins. Co.,* 47 Cal. 416; *Gray* v. *Nunan,* 63

Cal. 221; *McDonald* v. *McConkey*, 54 Cal. 143; *Gumpel* v. *Castagnetto*, 97 Cal. 15.)

*Briggs & Hudner*, for Respondent.

The fact that Mr. Jefferson formerly acted as attorney for appellants by association with the attorneys of record, signed with the attorneys of record the notice of the former appeal and certain stipulations, or argued the case, would not constitute him attorney of record. (*Prescott* v. *Salthouse*, 53 Cal. 221; *Whittle* v. *Renner*, 55 Cal. 395; *Hobbs* v. *Duff*, 43 Cal. 491; Hayne on New Trial and Appeals, sec. 13.) Verbal arrangements made by counsel for respondent with Mr. Jefferson as to the time when the motion should be heard could not preclude them from relying upon all the reasons which might exist for a denial of the motion. Respondent made the objection that the notice of motion for a new trial was not signed by the attorneys of record, or any of them, on the hearing of the motion; and if the objection be well taken, the denying the motion was right, and must be affirmed. (*Gumpel* v. *Castagnetto*, 97 Cal. 16; *Bunnel* v. *Stockton*, 83 Cal. 320; *In re Ryer*, 110 Cal. 556.)

Van Fleet, J.—At the hearing in the court below of the defendants' motion for a new trial, which was made upon the minutes of the court, plaintiff objected to the defendants being heard, and asked that the motion be denied upon the ground that no proper notice of the motion had been given, in that the notice of motion was not signed by the attorney of record of defendants in the cause. The judge reserved his ruling on the objection, stating that he would consider and determine the same in disposing of the motion. Subsequently he made an order denying the motion for a new trial, from which order defendants have appealed; and plaintiff, having preserved his said objection in the settlement of the statement, now renews the objection in this court, and asks that the order denying a new trial be affirmed upon that ground, without inquiry into the merits. If

the objection is well taken, this would seem to be the proper practice. (*Gumpel* v. *Castagnetto,* 97 Cal. 16; *Estate of Ryer,* 110 Cal. 556.)

G. B. Montgomery was the attorney of record for the defendants in the court below. He alone signed the answer. The first trial resulted in a judgment for defendants. Plaintiff moved for a new trial, which was granted, and from that order the defendants appealed to this court. Upon that appeal L. W. Jefferson, Esq., appeared as one of the attorneys for defendants. He signed his name with that of the attorney of record to the notice of appeal, and also to the stipulation as to the correctness of the transcript thereon, and he argued that appeal in this court. That order being affirmed, the case went back for a new trial, and when it came up in the lower court, Montgomery, the attorney of record, appeared, and, as recited in the statement, "moved the court that J. J. May, Esq., be substituted as attorney of the defendants for the attorneys theretofore of said defendants, and upon said motion of said Montgomery the court remarked: 'Very well; file your written consent'; but no consent of either of the defendants, or their said attorneys, or either of them, was filed with the clerk, or entered upon the minutes, and no notice was given from attorney to client, or client to attorney, at said or any other time, of any application for such order. Thereupon said J. J. May alone tried said cause on behalf of the defendants."

That trial resulted in a verdict for plaintiff, upon which the present judgment was entered. Within due time the notice of motion here in question, asking a new trial on behalf of the defendants, was served on plaintiff's attorneys. This notice was signed by L. W. Jefferson alone, as attorney for the defendants. Subsequent to the giving of said notice, on July 22, 1895, when the motion was first on the calendar of the superior court for hearing, Jefferson appeared and had the clerk continue the same to a later date. This was in

the presence of counsel for plaintiff, who signified his assent by saying, "Very well."

It is conceded that no formal substitution of attorneys has ever been had in said cause, and the questions arising are: 1. Do the facts stated, which all appear from the settled statement, show the service of any authorized notice of motion? and 2. If not, has plaintiff waived the right of objection thereto?

That no attorney, other than the attorney of record, is authorized to sign a notice of motion for a new trial has been held in a number of cases, and may now be regarded as well settled. It was so held in *Hobbs* v. *Duff*, 43 Cal. 491. In that case there were several defendants, Mr. G. F. Sharp being the attorney of record for the defendant Duff. The notice of intention was signed, " G. F. & W. H. Sharp, attorneys for the defendants." Neither member of the firm was the attorney of record for any defendant but Duff, and it was held that the notice was ineffectual as to any defendant but Duff.

So in *Prescott* v. *Salthouse*, 53 Cal. 221, the same ruling was had. The facts of that case were not entirely dissimilar from those before us. Messrs. Baggs and Tully were the attorneys of record for the plaintiff. At the trial the court made an order " That Julius Lee be and he is hereby associated with Messrs. Baggs & Tully for the plaintiff." This order the clerk omitted to enter, and it was afterward entered *nunc pro tunc* as of the day it was made. Mr. Lee participated in the trial on behalf of the plaintiff, and the plaintiff's notice of intention to move for a new trial was signed by him alone. Objections to the sufficiency of the notice having been properly reserved were sustained by this court, it being held that an order *associating* an attorney is unknown to the practice, as prescribed by the Code of Civil Procedure. That the code provides only for the *substitution* of an attorney, and that without such substitution an attorney has no authority to sign a notice of motion for a new trial. (See, also, *Whittle* v. *Renner*, 55 Cal. 395.)

It is clear, therefore, that the notice in question was

of no avail, unless the objection thereto has been waived. Respondent urges that such objection has been waived by the fact that Mr. Jefferson has been recognized by the plaintiff's attorneys as an attorney of record in the case.   This claim is based upon the fact of Mr. Jefferson's appearing without objection as attorney for the defendants on the former appeal, above mentioned. But we do not think that the recognition by the attorneys for the plaintiff of Mr. Jefferson's right to appear in that proceeding can be in any respect construed as a waiver by them of the present objection.   It has been repeatedly held that an appeal is an independent proceeding, and that an appellant has the right to select any counsel to represent him upon an appeal, regardless of who may have appeared as attorney of record in the court below.   The record does not show that Mr. Jefferson has ever been dealt with by the attorneys for plaintiff other than as the attorney prosecuting said appeal. Furthermore, as appears from the facts above stated, Mr. Jefferson was not recognized by the defendants themselves as their attorney of record, since it there appears that when it was deemed desirable to have Mr. J. J. May substituted, Mr. Montgomery, the attorney of record, appeared for the purpose of making that motion.

It is further contended that the question as to the regularity of the notice of motion for a new trial is concluded by the recital found in the bill of exceptions that: " In due time, to wit, on July 11, 1895, defendants filed herein and duly served upon plaintiff's attorneys their notice of motion for a new trial, specifying therein the grounds upon which the motion would be made," etc.   If the recitals of the statement stopped there, there might be some ground for the claim based upon it, but the judge immediately proceeds to recite the facts as to the service of notice which we have above stated, and which show that no such effect was intended by the language just quoted as is sought to be placed upon it by the defendants.   We find, in fact, nothing in the record which tends to show a waiver by the

plaintiff of his right to avail himself of the objection now urged; and it appearing that this objection has been properly taken and preserved, and that it is one which goes to the very life of the motion, we see no escape—however unsatisfactory to dispose of a case upon technicality—from giving plaintiff its benefit by affirming the order upon that ground.

Upon the appeal from the judgment no point is urged for a reversal. The judgment and order are therefore affirmed.

HARRISON, J., and GAROUTTE, J., concurred.