[Civ. No. 1789.   Third Appellate District.—February 9, 1918.]

## JOHN BASHORE, Appellant, v. CHARLES G. LAMBERSON et al., Respondents.

APPEAL—NOTICE—ACKNOWLEDGMENT OF SERVICE—WAIVER OF DEFECTS. A notice of appeal signed by the attorney in fact for the appellant instead of by the attorney of record, is sufficient, where service of notice is acknowledged by respondent's attorney, such acknowledgment being a waiver of objection that notice of substitution of attorney had not been served.

ID.—AMENDMENTS TO PLEADING—FAILURE TO OBJECT IN TRIAL COURT.— Objection as to change of parties plaintiff, and that leave of court was not obtained to file amended complaints, cannot be raised for the first time on appeal.

TRUST—SECURITY FOR MONEY LOANED—TERMINATION BY SALE UNDER EXECUTION—SUBSEQUENT ACTION TO ADJUST ACCOUNTS—JUDGMENT IN FORMER ACTION CONCLUSIVE AS TO AMOUNT DUE.—A trust agreement in real property under the terms of which the holder of the legal title agreed to convey the property to the owners when they paid to him all moneys due from them, is terminated upon a sale of the property under an execution issued in an action brought by him against the owners to recover the amount due, although the trus-

tee bought the land at the sale, and the judgment determining such
amount, is, in the absence of fraud, conclusive as to the amount due
in a subsequent suit to adjust accounts.

APPEAL from a judgment of the Superior Court of
Tulare County. J. A. Allen, Judge.

The facts are stated in the opinion of the court.

J. C. Thomas, for Appellant.

Power & McFadzean, and James M. Burke, for Respondents.

HART, J.—This action was brought to enforce an alleged
trust as to the land described in the complaint in favor of
the plaintiff, the legal title, it is alleged, being in the defendant,
to have a commissioner appointed for the purpose
of ascertaining and adjusting the accounts between the plaintiff
and the defendant, and to sell said land "to satisfy the
demands of the trustee and the residue thereof, amounting to
something over $10,000 be paid to this plaintiff"; that a
temporary injunction be granted, enjoining the defendant
from selling the land in dispute, etc.

The court sustained a demurrer to the complaint without
leave to amend, and thereupon rendered judgment dismissing
the action. The appeal is by the plaintiff from said judgment.

The notice of appeal in this case was signed: "Rachel D.
Bashore, Attorney in fact for John Bashore. John Bashore,
by Rachel D. Bashore, his Attorney in fact."

Respondent raises the question as to whether this is a valid
notice of appeal, citing authorities to the point that the notice
of appeal must be signed by the attorney of record in the
trial court. (*Beardsley* v. *Frame,* 73 Cal. 634, [15 Pac. 310];
*Prescott* v. *Salthouse,* 53 Cal. 221; *Whittle* v. *Renner,* 55 Cal.
395; *Ellis* v. *Bennet,* 2 Cal. Unrep. 302, [3 Pac. 801]; *Harrigan*
v. *Bolte* (Cal.), 8 Pac. 184.) But in *Withers* v. *Little,*
56 Cal. 370, where a notice of appeal was signed by substituted
attorneys, respondent's attorneys not having been
served with notice of the substitution, it was held, as stated
in the syllabus, "that the plaintiff's attorneys, in acknowledging
service of the notice, waived the objection that the

notice of substitution had not been served upon them.'' In the present case service of the notice of appeal was acknowledged by respondent's attorneys, and, therefore, the appeal is properly before us.

As to the objection regarding the change of parties plaintiff in the different pleadings, and as to the point that leave of the court was not obtained to file the two amended complaints, we think such objections should have been made in the court below and that 'it is too late to raise them now for the first time.

It appears that the complaint, without leave, was amended on two several occasions. In the original complaint, John Bashore and his wife, Rachel D. Bashore, were the plaintiffs; in the first amended complaint Rachel D. Bashore was sole plaintiff, and in the second amended complaint John Bashore is sole plaintiff.

The second amended complaint is in two counts. In the first count it is alleged: That, in 1900, plaintiff executed a deed of trust to two certain persons as trustees to secure an indebtedness owing by him, the property conveyed being eighty acres of land in Tulare County; that he defaulted in the payment of interest and principal of said indebtedness and that said trustees sold said property, under the provisions of the trust deed, to one George W. Zartman, to whom plaintiff had delivered the money with which to purchase the property, and, on June 7, 1906, "the said George W. Zartman, acting for, and as the agent of this plaintiff, took a deed for the aforesaid real estate in his own name,'' which deed was duly recorded; "that the said sale by the said trustees, and the holding of the said land under said deed by said G. W. Zartman, was all done and performed through, under and by the direction of the defendant Charles G. Lamberson, who was acting as the attorney for this plaintiff''; that, on the second day of January, 1907, "without having paid for the said premises with his money, or refunding the money delivered to him by this plaintiff, the said George W. Zartman conveyed the land to defendant . . . without any consideration whatever passing from the said Zartman to this plaintiff; . . . that concurrently with the execution of said deed by the said Zartman to the defendant, and as part of the said transaction, the said defendant last aforesaid de-

livered to the plaintiff herein the following declaration of trust, which was duly executed by him:

" 'Know all Men by these Presents: That I hereby agree to sell to John Bashore at any time within five years from the date hereof all that certain property [describing it], upon payment to me by the said John Bashore of all amounts which may be due me at such time by said John Bashore upon book accounts or promissory notes and upon receiving such payment in full of all such book accounts or promissory notes, I agree to transfer said property to said John Bashore free and clear from all incumbrances done or suffered by me.

" 'I also agree that said John Bashore shall have the possession and use of said real property during the time this contract remains in force and shall pay as a rental therefor all state, county and district taxes of every kind which may be levied or assessed against said property.

" 'Dated January 4, 1907.

" '(Signed)    CHAS. G. LAMBERSON.' "

It is alleged that "before the term of four years next after the said trust agreement was executed by the said Charles G. Lamberson, plaintiff and his wife, Rachel D. Bashore, brought suit to terminate the terms and conditions of the said trust, and to have the said real estate sold and the proceeds applied on the debts, if any, by the said Lamberson, and the balance to be applied to the said *cestui que trust;* that pending the said proceedings it was discovered by the said plaintiff that he had sold and delivered to, and by deed of conveyance, had given to the said Rachel D. Bashore, his wife, the aforesaid real estate, by deed dated January 2, 1910."

The complaint then alleges that plaintiff and defendant attempted to settle their accounts but were unable to do so, and that Lamberson brought suit against plaintiff and his wife to determine the amount due from them; that, on the trial of said action, the superior court gave judgment in favor of the plaintiff therein, Lamberson, in the sum of $12,195.97, which amount, on appeal to the supreme court, was reduced to $8,900.50. It is then stated that both the superior court and the supreme court "indulged in much *obiter dictum,*" but that the sole point decided was as to the amount due; "that said judgment as modified and corrected was made and entered on the 27th day of March, 1914, and thereafter the said

defendant herein abandoned his said trust, disregarded the fact that this action was pending to adjudicate and to determine the relation of trust . . . and caused an execution to be entered,'' under which the property was sold and bought by the defendant, Lamberson; that, on ''the 22nd day of July, 1915, and within less than a year after the sale aforesaid, the said Rachel D. Bashore redeemed the real estate described in the said trust signed by the said Lamberson and in this complaint, by paying the amount bid for the said real estate by the said Lamberson and interest thereon, at the rate of one per cent per month, which is evidenced by a certain certificate of redemption duly made, executed and signed by the sheriff of Tulare county, and delivered to Rachel D. Bashore, then the *cestui que trust,* and the beneficiary thereof; that the said certificate of redemption described the aforesaid real estate [giving the description and the fact of the recordation of said certificate] and the same [the land] is and remains the property of the said Rachel D. Bashore and those who hold under her, and specially this plaintiff, who, by virtue of that certain quit claim deed duly executed by Rachel D. Bashore on the 22nd day of July, 1915, and admitted to record in the office of the county recorder of Tulare county, on the 22nd day of July, 1915, . . . and by virtue thereof this plaintiff is the owner thereof.''

It is next alleged: ''The plaintiff therefore pleads as a bar to any further acts of ownership by the said defendant the provisions of the statute of redemption, section 703 of the Code of Civil Procedure of the state of California, and alleges that under and by virtue of said section, and the provisions thereof, the effect of the said sale is terminated, and forever barred. That the provisions of the trust estate have been by virtue of the various acts of the said defendant Chas. G. Lamberson violated and abandoned; that the deed made by the said Geo. W. Zartman to the said Chas. G. Lamberson ought to be set aside, held for naught, and without a valuable, or any consideration therefor, and that this court ought to appoint a commissioner to make and execute a good and proper deed to the said real estate named in this complaint.''

The second count ''reincorporates'' the allegations of the first cause of action as to the facts culminating in the making

of said "declaration of trust on the 4th day of January, 1907," and proceeds: "That the reason and consideration of and for the said trust was, and is, in the fact, that the said Chas. G. Lamberson had procured a deed for the said real estate, as the attorney for this plaintiff, and was acting for, and in lieu of the said plaintiff, and in his room and stead, and after obtaining the said deed, simultaneously with the receipt thereof from the said Geo. W. Zartman, he, the said Chas. G. Lamberson, then and there created the said trust by making and executing the same."

The value of the property is stated to be sixteen thousand dollars and it is alleged that defendant, knowing its value, "made exorbitant and inequitable charges that he might involve the same in controversy," and that said charges were made to embarrass plaintiff "and to prevent a settlement till the statute of limitations had barred the action on his trust." There is then an allegation to the effect that defendant never disputed the title of plaintiff to the property until he, the defendant, brought suit and that said Lamberson "acknowledged the rights and title to the said tract by making out, as attorney for this plaintiff a homestead on said property." There is an allegation that defendant has collected $288.50 for wheat and barley grown on the premises which should be paid to plaintiff.

There is also an allegation, substantially the same as the one above quoted herein, as to the redemption of the property by Rachel D. Bashore from the sale of said property under execution to satisfy the judgment of the defendant and the quitclaiming of the land by said Rachel to the plaintiff, John Bashore.

There are many other allegations in both counts to which, under our view of the case as presented, it is not necessary to refer.

As we understand the complaint, we gather therefrom that what the plaintiff is complaining of is that the judgment in the former action, even as reduced by the decision of the supreme court, is for a much larger sum of money than is or was actually due from the plaintiff and his wife to the defendant, and that the object of this suit is to have the trust relation once existing between the parties as to the land in question established and continued, and thus secure a read-

justment of their financial differences and a reduction of the judgment.

It may parenthetically be observed that, although Lamberson held the legal title to the property at the time he obtained the judgment referred to, he caused execution to be issued upon said judgment against the property in question for the purpose of satisfying said judgment. This course was doubtless adopted for the purpose of selling and disposing of any equity either the plaintiff or his wife might have in the land—particularly the wife, to whom, it is alleged, as seen, the plaintiff by deed conveyed the property on January 2, 1910.

It may be conceded that Lamberson took the conveyance of the land from Zartman for the purpose of securing the payment to him of all moneys due from the plaintiff and his wife to him, and that the written agreement whereby he agreed to convey to the plaintiff upon the payment of all such moneys created as to the said real estate a trust relation between him and the plaintiff and his wife. But, according to the complaint itself, that relation ceased to exist when Lamberson caused the land to be sold under an execution issued in the case of *Lamberson* v. *Bashore,* 167 Cal. 387, [139 Pac. 817], to satisfy the judgment obtained by him therein, as modified by the supreme court. When that sale took place, the agreement creating the trust was at an end and so, of course, was the trust relation, notwithstanding that Lamberson himself bought the land at the execution sale. Moreover, Rachel D. Bashore, as a redemptioner, redeemed the land and thereafter conveyed it to her husband, the plaintiff in this action. When, therefore, this action was instituted the title to and possession of the *corpus* of the trust had passed out of the defendant and finally passed to the so-called *cestui que trust* himself.

The judgment in the case between Lamberson and the Bashores is, of course, conclusive as to the amount due the former from the latter, and cannot be attacked or challenged, legally, except upon some fraud or other sufficient matter collateral or extrinsic to the questions necessarily involved, examined, and adjudicated in the proceeding or action in which said judgment was rendered. Certainly, learned counsel will not contend that the testimony upon which the findings supporting the judgment were predicated could be re-

examined in this action for the purpose of determining whether the judgment was thus supported, or that a judgment in a collateral action could be vitiated or set at naught even if it could be shown that it was the culmination of insufficient or perjured testimony.

The complaint here does not directly allege that the judgment was procured through the fraudulent acts or conduct of the defendant. The objection to the judgment is merely that it is for an amount in excess of the sum actually due, a question which was presumptively litigated and finally determined in the action in which the judgment was obtained.

It is very clear that the complaint states no cause of action for the relief prayed for or any relief and that the demurrer was properly sustained.

It may be added that the opinion of Mr. Justice Melvin in the case of *Lamberson* v. *Bashore,* 167 Cal. 387, [139 Pac. 817], presents a full statement of the facts as found by the trial court leading to the judgment in said action, to satisfy which the real estate herein involved was sold.

The judgment is affirmed.

Chipman, P. J., and Burnett, J., concurred.