[L. A. No. 8201. In Bank.—April 20, 1925.] ·

## J. W. STARKWEATHER, Respondent, v. F. J. EDDY, Appellant.

[1] APPEAL—MOTION TO DISMISS—NOTICES — SIGNING BY ATTORNEY NOT OF RECORD—WAIVER.—The rule which requires a notice of appeal or of intention to move for a new trial to be signed by the attorney of record for the moving party has always been subject to the qualification that the failure so to do is a defect which may be waived by the adverse party by failure seasonably to object thereto, and that slight circumstances of acquiescence are sufficient to show such waiver.

[2] ID.—EVIDENCE OF WAIVER.—Where opposing counsel recognizes attorneys who were not the original attorneys of record, by receipting for a copy of a pleading written upon their stationery, the trial was conducted by said attorneys, the findings of fact, presumably prepared by opposing counsel, recited that the defendant was present at the trial with his attorney (one of the attorneys in question) and that stipulation was entered into in open court by and between the attorneys of the respective parties,

---

1. See 2 Cal. Jur. 320.

appellant's opening brief was signed by one of the said attorneys, bearing an admission of service signed by opposing counsel, and shortly prior to the making of a motion to dismiss the appeal the respondent applied for and obtained from said attorneys a stipulation extending his time to file a reply brief upon which stipulation he procured an order of the supreme court extending the time for filing said brief, under the circumstances the right to a dismissal of the appeal on the ground that the attorneys were not the attorneys of record was waived.

---

(1) 3 **C. J.**, p. 1243, n. 96.    (2) 29 **Cyc.**, p. 941, n. 77 New.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Ira F. Thompson, Judge. Motion denied.

The facts are stated in the opinion of the court.

L. E. Dadmun, F. E. Davis and Davis & Dadmun for Appellant.

G. M. Caldwell for Respondent.

THE COURT.—Motion to dismiss the appeal herein "on the grounds and for the reasons that the attorneys making such appeal and signing the notice of appeal and the appellant's brief on appeal, are not the attorneys of record of said defendant and appellant herein."

The motion is supported by an affidavit of counsel for respondent and a certificate of the clerk of the trial court, from which it appears that George P. Cook is the attorney of record in said case for the defendant and appellant; that there has been no substitution of any other attorney or attorneys in his place made or filed as provided by law, and that the notice of appeal and appellant's brief herein are signed by F. E. Davis, L. E. Dadmun, and Davis & Dadmun, and are not signed by said George P. Cook. Respondent cites *Abrahms* v. *Stokes,* 39 Cal. 150, *Prescott* v. *Salthouse,* 53 Cal. 221, *Whittle* v. *Renner,* 55 Cal. 395, *Harrigan* v. *Bolte,* 67 Cal. xix [8 Pac. 184], and *Anglo-California Trust etc. Co.* v. *Oakland Rys.,* 191 Cal. 387 [216 Pac. 578], holding that a notice of appeal or a notice of intention to move for a new trial, to be effective, must be signed by the attorney of record for the moving party, and that in default thereof

such appeal or such proceeding for new trial may be dismissed upon motion. Respondent insists that we must follow the rule of the cited cases and dismiss the appeal. Appellant urges with much earnestness that we should overrule those cases. The circumstances of the present case do not call upon us to do either. [1] The rule which requires a notice of appeal or of intention to move for a new trial to be signed by the attorney of record for the moving party has always been subject to the qualification that the failure so to do is a defect which may be waived by the adverse party by failure seasonably to object thereto, and that slight circumstances of acquiescence are sufficient to show such waiver. This qualification is indicated by the statement in *Prescott* v. *Salthouse, supra,* that "the regularity of the service of the notice and presentation of the bill of exceptions were duly objected to by the attorney of the defendant, on the ground that Mr. Lee was not the attorney of record of the plaintiff, and was therefore not competent to give a notice or present a bill of exceptions in the cause." In *Whittle* v. *Renner, supra,* the court took pains to point out that, "we find nothing in the record which shows a waiver of the service on the attorney of record." In *Anglo-California Trust Co.* v. *Oakland Rys., supra,* while the fact does not appear in the memorandum opinion filed, it does appear of record in that case that counsel for respondent therein scrupulously refrained from doing anything which might be construed as a waiver of their objection that the notice of appeal was signed by a stranger to the record. They not only reserved that objection but they urged it upon this court at the earliest possible moment by a motion to dismiss the appeal, which was heard and determined before the time for appeal had elapsed, so that the appellant was enabled to and did thereafter procure a proper substitution of attorneys and effectively prosecute its appeal. (*Anglo-California Trust Co.* v. *Oakland Rys.,* 193 Cal. 451 [225 Pac. 452].) As noted above, slight circumstances of acquiescence are sufficient to show such waiver. In *McDonald* v. *McConkey,* 54 Cal. 143, where the appeal was taken by an attorney not the attorney of record in the court below, the circumstance that respondent's attorney joined with him in certifying to the transcript was held sufficient to show such waiver. In *Withers* v. *Little,* 56 Cal. 370, and in *Livermore* v. *Webb,* 56

Cal. 489, respondent's acceptance of service of notice of appeal without objection was held sufficient to show such waiver. (See, also, *Woodmen of the World* v. *Rutledge,* 133 Cal. 640 [65 Pac. 1105] , *Smith* v. *Smith,* 145 Cal. 615, 622 [79 Pac. 275], and *Bashore* v. *Lamberson,* 36 Cal. App. 233 [171 Pac. 968].) **[2]** There is ample evidence of such waiver in the records of the present case. The original answer filed in behalf of the defendant in the court below, the appellant herein, was signed by George P. Cook as attorney for defendant. An amendment to this answer which, through obvious oversight, was not signed by anyone as attorney for defendant, but which was written upon the stationery of F. E. Davis, was thereafter filed in the action, bearing an indorsement acknowledging receipt of a copy thereof which was signed by counsel for plaintiff. The reporter's transcript shows that the trial of the action in the court below was conducted throughout by Mr. Dadmun as attorney for defendant. The findings of fact, presumably prepared by counsel for plaintiff and respondent, recite that the defendant was present at the trial with Mr. Dadmun, his attorney, and that stipulation was entered into in open court by and between the attorneys of the respective parties. Appellant's opening brief upon this appeal, which is signed "F. E. Davis, Davis & Dadmun, attorneys for defendant and appellant," bears an admission of service signed by counsel for respondent. Shortly prior to the making of the present motion to dismiss this appeal the respondent applied for and obtained from the last-named attorneys a stipulation extending respondent's time to file his reply brief herein, and thereupon respondent caused to be filed in this court a stipulation for such extension of time signed "F. E. Davis, Davis & Dadmun, attorneys for defendant and appellant," and upon such stipulation procured an order of this court extending the time for the filing of respondent's reply brief herein. Giving full effect to the rule invoked by respondent upon this motion, there is no room for doubt that he has waived his right to have it applied to the present case.

The motion to dismiss is denied.