[Civ. No. 7227. Third Dist. Dec. 1, 1945.]

ZENOBIA JACKSON, Appellant, v. C. S. JACKSON, Respondent.

Edward D. Mabson for Appellant.

Rowland & Craven for Respondent.

THOMPSON, J.—This is a motion to dismiss the appeal on the ground that the notice of appeal was not signed by the attorney of record.

A complaint was filed in the Superior Court of Sacramento County to establish an alleged community interest in real property, and to set aside a property settlement agreement. J. M. Inman appeared of record as the attorney for plaintiff. Rowland and Craven of Sacramento appeared of record as the attorneys for defendant. After trial and the adoption of findings favorable to the defendant, judgment was rendered accordingly and entered January 5, 1945. Notice of the entry of judgment was served on J. M. Inman, March 13, 1945. No motion for new trial was made. March 3, 1945, Edward D. Mabson, an attorney who resides in San Francisco, mailed to the county clerk and filed a notice of appeal pursuant to section 940 of the Code of Civil Procedure, and rule 1(a) of Rules on Appeal. That notice of appeal was signed only by Edward D. Mabson. Thereafter Mr. Mabson gave notice to the clerk to prepare a transcript on appeal. May 25th, Mr. Mabson sent to J. M. Inman, by mail, a form for substitution of attorneys, which was signed by plaintiff and consented to by Inman, and filed on May 31st. On the last mentioned date defendant's attorneys filed written objections to the settlement of transcript on the ground that the notice of appeal is invalid and ineffectual since it was not signed by either the plaintiff or J. M. Inman, her attorney of record. The objections to settlement of the transcript were heard by the court and sustained on July 21, 1945, on the ground that the notice of appeal was ineffectual since it was not signed either by the appellant or her attorney of record, and that the time for filing a valid notice of appeal had elapsed.

Motion was thereupon made in this court, upon notice thereof, to dismiss the purported appeal for lack of legal notice of appeal. Mr. Mabson appeared in opposition thereto. The motion was based on the certificate of the clerk to the

record of the foregoing facts, together with an affidavit of Mr. Mabson in accordance therewith. There is no conflict of evidence. Mr. Mabson's affidavit avers that he was employed by plaintiff on January 4, 1945, to prosecute the appeal from the judgment. It appears from the record that the defendant's attorneys had no knowledge of the employment of Mr. Mabson until the filing of the notice for the clerk to prepare the transcript. They did not recognize appellant's new attorney by acknowledgment of any documents, by consent to continuances, or otherwise.

Under the circumstances of this case, and the California authorities, we are impelled to hold that the notice of appeal in this case was ineffectual and void for the reason that it was not signed by either the appellant or her attorney of record, and that the motion to dismiss the appeal must therefore be granted.

■ The notice of appeal was prematurely filed before the entry of judgment, but it was not invalid on that account. (Code Civ. Proc., § 939; rule 2(c), Rules on Appeal.)

■ The right of appeal is purely statutory. (*Superior Wheeler Cake Corp.* v. *Superior Court,* 203 Cal. 384 [264 P. 488]; *Cullinan* v. *Superior Court,* 24 Cal.App.2d 468, 472 [75 P.2d 518, 77 P.2d 471]; 2 Cal.Jur. 111, § 4.) To entitle one to an appeal he must conform to the procedure required by statute. Rule 2 of Rules on Appeal provides that an appeal may be taken within sixty days from the entry of judgment, unless a motion for new trial is pending, in which event the time is extended for thirty days after the entry of the order determining that motion. Rule 1(a) of the same rules requires notice of the appeal to be filed with the clerk of the court in which the judgment is rendered.

■ The California cases have uniformly held that the notice of appeal prescribed by law must be signed by the appellant or his attorney of record, or, in other words, that a notice of appeal is invalid and ineffectual if it is signed only by an attorney other than the attorney of record, unless that omission is waived. (*Starkweather* v. *Eddy,* 196 Cal. 73 [235 P. 734]; *Anglo-California Trust Co.* v. *Oakland Railways,* 191 Cal. 387 [216 P. 578]; *Wells Fargo & Co.* v. *City and County of San Francisco,* 25 Cal.2d 37, 42 [152 P.2d 625]; *McMahon* v. *Thomas,* 114 Cal. 588 [46 P. 732]; *Livermore* v. *Webb,* 56 Cal. 489; *Whittle* v. *Renner,* 55 Cal. 395; *Prescott* v. *Salthouse,* 53 Cal. 221; *Hobbs* v. *Duff,* 43 Cal. 485,

491; *Harrigan* v. *Bolte,* 2 Cal.Unrep. 547 [8 P. 184]; 2 Cal. Jur. 319, § 111; 30 Cal.L.Rev. 441.) The foregoing rule is too firmly established to justify this court in questioning its controlling effect. In the Harrigan case, *supra,* the court said: "We do not consider the question [that the notice must be signed by the attorney of record] an open one in this court." In the Starkweather case, *supra,* the Supreme Court was asked to overrule some of the preceding cases on the ground that they establish a harsh rule, but the court refused to do so. It is true that the authorities hold that slight evidence may suffice to constitute a waiver of the defect of the notice. But there is no evidence in this case of any act or conduct on the part of respondent or his attorneys which tends to indicate they recognized the right of Mr. Mabson to sign the notice of appeal or that they waived the defect thereof. Respondent urged the invalidity of the notice at the first opportunity. We are bound to concede he preserved his right to object to the invalidity of the notice.

Mr. Mabson was not an attorney of record at the time he signed and filed the notice of appeal, nor at any time within sixty days after the entry of the judgment. Notice of the entry of judgment was served March 13th. Mabson's substitution, as attorney for plaintiff, was not filed until May 31st. The time for filing a valid notice of appeal had then elapsed.

A substitution of attorney "before or after judgment," must be made as provided in sections 284 and 285 of the Code of Civil Procedure. We may concede that Mr. Mabson was actually employed as attorney to represent the plaintiff about the time of the rendering of judgment. But he was not substituted as required by the preceding sections of the code until May 31st, at which time the right to file a valid notice of appeal had expired.

It may not be said, for the purpose of validating a defective notice of appeal which is signed by an attorney who is not of record, that the employment of the attorney who tries a case ceases upon the entry of judgment. The authority of an attorney to act for his client, while he remains as the attorney of record, even after the rendering of judgment, extends to "any of the steps of an action or proceeding," (Code Civ. Proc., § 283), on motion for a new trial (*Simpson* v. *Budd,* 91 Cal. 488 [27 P. 758]), or "for the

purpose of enforcing it *or having it set aside or reversed."* (*Reynolds* v. *Reynolds,* 21 Cal.2d 580, 584 [134 P.2d 251].) In the case last cited it is said:

"The court is concerned in such cases not with whether the client is represented by an attorney, but whether he has an attorney *of record,* whether any change in attorneys has been made as provided in section 284 of the Code of Civil Procedure, and whether notice thereof has been given as provided in section 285 of that code. The authority of an attorney, however, ordinarily ends with the entry of judgment, *except for the purpose of enforcing it or having it set aside or reversed."* (Italics added.)

 Even though it be assumed in this case that the authority of Mr. Inman ceased upon the entry of judgment, there would then be no attorney of record because no substitution of attorneys had been made or filed as required by the statute.

The motion is granted and the appeal is dismissed.

Adams, P. J., and Peek, J., concurred.