## ELLIS v. BENNET and Others.

### No. 9217; May 14, 1884.

3 Pac. 801.

Appeal—Notice.—An Appeal will be Ineffectual where the notice of appeal was not signed by the attorney of record, or of counsel for appellant, or where no proof is shown of service of the notice of appeal upon the respondent.

Appeal—Undertaking—Transcript.—An Order Appealed from cannot be Reviewed on a record which contained no copy of an undertaking on appeal, or showing that the same was filed, or that, instead thereof, a deposit in money had been made; no bill of exceptions; no showing what papers were used upon the hearing of the order to show cause upon which the order appealed from was made; and no certification of the transcript on appeal by the clerk of the court or the attorneys in the cause. The certificates of the presiding judge and clerk, made after the service and filing of the notice of motion to dismiss the appeal, will not supply the defects in the transcript.[1]

APPEAL from the Superior Court of the City and County of San Francisco.

M. G. Cobb and Horace G. Platt for appellant; Stanly, Stanly & Hayes for respondents.

McKEE, J.—This is an attempted appeal from an order made and entered May 29, 1883, restoring respondents to possession of a tract of land from which they had been dispossessed by the sheriff by the execution of a writ of possession which had been issued upon a judgment in favor of the plaintiff (who is the appellant) against one Thomas J. Currey, for the recovery of said land and costs. In the transcript which has been filed there is a copy of the notice of appeal, which is signed by attorneys, who, as appears by the recitals in the order appealed from, were not the attorneys of record or of counsel for the appellant; and it contains no proof of service of the notice upon the respondents, or either of them. Besides, it contains no copy of an undertaking on appeal, no

---

[1] Approved and followed in Snipsic Co. v. Riverside Music Co., 6 Cal. App. 115, 91 Pac. 747, to the effect that a transcript not certified as required by statute will not support an appeal.

showing that such an undertaking was filed· at any time, or that, instead thereof, a deposit in money had been made: Code Civ. Proc., secs. 940, 941. Moreover, it contains no bill of exceptions, and no showing what papers were used on the hearing of the order to show cause upon which the order appealed from was made: Code Civ. Proc., sec. 951. Furthermore, it is not certified by the clerk of the court or the attorneys in the case, as required by section 953, Code of Civil Procedure. Upon such a record the order appealed from cannot be reviewed. The certificates of the presiding judge and clerk, made after the service and filing of notice of motion to dismiss the appeal, did not supply the defects in the transcript. The appeal in itself was ineffectual, because of the defective notice of appeal and because the transcript contains no proof of its service.

The motion to dismiss must be sustained.

We concur: Ross, J.; McKinstry, J.