[S. F. No. 1823.    Department Two. — July 3, 1901.]

HOMESEEKERS LOAN ASSOCIATION, Respondent, v. ANNIE GLEESON et al., Appellants.

BUILDING AND LOAN ASSOCIATION — MORTGAGE — FORECLOSURE — JUDGMENT. — In an action by a building and loan association, to foreclose a mortgage made to it by one of its stockholders, which secured a promissory note and installments to become due on the mortgagor's stock in the association, which stock was also pledged to the association, judgment may be properly rendered for the amount of the principal of the note and the unpaid interest thereon, and for the unpaid installments on the stock, without any deduction of the amount paid by the mortgagor as installments on the stock.

FINDINGS — REFERENCE TO PARAGRAPHS. — A finding that certain specified paragraphs of the complaint are true is sufficient in form, and is equivalent to a finding that the averments of such paragraphs are true.

JUDGMENT — ENTRY OF AMENDED JUDGMENT. — The court has jurisdiction, after the entry of a judgment which does not conform to its decision, to cause the entry of an amended judgment in conformity therewith, without notice to the judgment debtor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

M. C. Hassett, and Walter J. Thompson, for Appellants.

Morrison & Cope, for Respondent.

McFARLAND, J. — This is an appeal by defendants from a judgment in favor of plaintiff for the foreclosure of a mortgage. On July 12, 1890, the defendants executed the mortgage in question to the plaintiff, to secure their promissory note of even date to plaintiff for three thousand six hundred dollars, due in six months, with stated interest, the whole principal and interest to become due, at plaintiff's option, upon default of payment of any interest, and also to secure certain monthly installments on capital stock hereinafter mentioned. At the same time plaintiff issued to defendants certificates for eighteen shares of plaintiff's capital stock, which were of the par value of two hundred dollars per share, and defendants promised in said mortgage to pay plaintiff each month one dollar per share until the shares were fully paid. Simultaneously with the execution of the note and mortgage, defendants pledged and delivered to plaintiff these eighteen shares of stock. Defendants did not pay any of the principal of the note, nor any of the interest after June, 1894, and they did not pay any of the monthly installments on the stock after the second Monday of June, 1894. The judgment is for the amount of the principal of the note and the unpaid interest thereon, and for the unpaid installments on the stock.

The main contentions of appellants, on the merits, are, that the amount paid by them as installments on the stock ($792) should have been credited on the mortgage debt, and that the court should not have given judgment for unpaid installments on the stock. The rights of one who occupies the dual relation of stockholder and borrower to a modern building and loan association are somewhat elaborately discussed in briefs, and a number of authorities cited. But the cases from other states relied on by appellants are mostly based on peculiar statutory provisions. We do not deem it necessary to follow the discussions of counsel on these points, because, since the briefs were filed, this court, in Bank, in *McNamara* v. *Oakland Building and Loan Association*, 132 Cal. 247, elaborately reviewed the subject, and arrived at conclusions adverse to these contentions of appellants. We can see no material distinction between the case at bar and the McNamara case, where the

court said: "The mortgagee is within its rights in asking a foreclosure of the mortgage, and a decree for the sale of the shares, and presumably they will bring their cash value, and plaintiff will have his credit therefor."

Appellants contend that finding No. 1, which is as follows: "Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of plaintiff's amended complaint are true,"—is insufficient for any purpose as a finding; but the contention is not maintainable. (*Johnson* v. *Klein*, 70 Cal. 186; *Williams* v. *Hall*, 79 Cal. 606.)   There is no material distinction between saying that a certain paragraph of a complaint is true, and saying that the averments of the paragraph are true.

We cannot see the conflict contended for by appellants between that part of finding 1 which finds that paragraph 8 of the complaint is true, and the subsequent findings 6 and 15. In paragraph 8 it is averred that no part of the principal of the note had been paid; by finding 6 it is found that appellants had paid $792 on the monthly installments upon the stock, and $900.90 on the interest on the note; and in finding 13 it is found that these payments were made pursuant to covenants and agreements contained in the note and in the mortgage; which is true.   These findings, therefore, present. no discrepancy whatever.

It appears that after the making and filing of the findings and decision, a judgment was entered which did not comply with the decision, in this, that it did·not direct a sale of the stock, and that afterwards the court, without notice to appellants, directed that an amended judgment be entered decreeing such sale in accordance with the decision, which amended judgment was entered.   Appellants contend that the entry of the amended judgment was erroneous and without jurisdiction; but the contention cannot be maintained.   This action of the court merely made the judgment conform to its decision,—which a court has always the power to do.

There are no other points made which call for special notice.
The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.