[Crim. No. 946. Department One.—January 16, 1904.]

## THE PEOPLE, Respondent, v. BERNARD WARD, Appellant.

CRIMINAL LAW—FELONY—JUDGMENT—AMENDMENT NUNC PRO TUNC—POWER OF COURT.—The inherent right and power of a court to cause its record to be amended in accordance with the facts; where the record made by the clerk is incorrect, exists in criminal as well as civil cases; and where a defective minute entry of a judgment for imprisonment in the state prison, rendered upon conviction of felony embezzlement, afforded sufficient evidence to justify an order *nunc pro tunc* correcting the defects therein, such order will be affirmed upon appeal therefrom.

APPEAL from an order of the Superior Court of the City and County of San Francisco amending the judgment. F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

George D. Collins, for Appellant.

U. S. Webb, Attorney-General, and E. B. Power, Deputy Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was convicted of embezzlement in the superior court of the city and county of San Francisco on November 14, 1899, and judgment was rendered by the court, Hon. F. H. Dunne, judge presiding, on December 2, 1899. Defendant appealed to this court from the judgment, the record on such appeal showing a judgment regular on its face, and on October 11, 1901, the judgment was affirmed. (134 Cal. 301.)

It was subsequently discovered that the only minute entry of a judgment in the superior court was the following, viz:—

"Saturday, December 2, 1899.

"The People of the State of California v. Bernard Ward.—
    No. 12847.

"The district attorney with the defendant and his counsel F. McGowan, Esq., came into court, by the court of the information duly presented on the 11th day of April 1899 by the district attorney of the city and county of San Francisco charging said defendant with the crime of felony to-wit: embezzlement of his arraign and plea of 'Nt Gly' as charged on said Information'; on the 29th day of April, 1899, of his trial and the verdict of the jury on the 14th day of November, 1899, Guilty as charged. The defendant show why judgment should not be against him through his counsel moved the court for a new trial upon all the statutory grounds on the 18th day of November, 1899, which motion was taken under advisement by the court, and now this day by the court ordered denied. And no sufficient cause being shown or to the court hereupon the court renders its.

"That Bernard Ward having been duly convicted in his court of the crime of felony, to-wit: embezzlement, It is there-

fore ordered, that the said Bernard Ward be punished by imprison in the state at Folsom for the term of seven (7) years.

"The defendant was then of the said city and county to be by him delivered into the custody of the proper officers of said state prison at Folsom, California."

The district attorney thereupon moved, on notice, for an order correcting said minute entry so as to make it conform to and be a correct record of the judgment, stating in his notice that the motion would be based on the minutes and records of the court, and the knowledge of Hon. Frank H. Dunne, the judge who rendered said judgment.

This motion came on for hearing before the court on November 19, 1901, Judge Dunne presiding.

The district attorney introduced in evidence the notice of motion, and the minute entry hereinbefore quoted was received in evidence by consent.

The court then stated that the minute entry was not a true record of the judgment, and that judgment had been rendered by said court on December 2, 1899, and that the judgment so rendered was correctly set forth in a proposed order, which was then shown to defendant. Defendant was then asked if he had any evidence to offer to show that the judgment alleged to have been rendered was not in fact rendered, and he offered no evidence.

The court then made an order reciting the rendition of judgment on December 2, 1899, the adjudging part of which judgment was as follows: "It was therefore ordered, adjudged, and decreed that the said Bernard Ward be punished by imprisonment in the state prison of the state of California at Folsom for the term of seven years," and reciting the failure of the clerk to enter said judgment, except as hereinbefore set forth, and declaring the judgment rendered to be the true judgment, and directing the entry thereof *nunc pro tunc* as of December 2, 1899.

The defendant appeals from this order.

The inherent right and power of a court to cause its acts and proceedings to be correctly set forth in its records, and, where the record made by its clerk does not correctly show the order or direction in fact made by the court, to cause the

record to be corrected in accordance with the facts, is not denied by the appellant. This matter is elaborately discussed, and the California authorities cited in the opinion of this court in *Kaufman* v. *Shain,* 111 Cal. 16.[1]

There can be no doubt that the power exists in criminal cases as well as in civil cases, as is clearly recognized by the decisions rendered in the matter of settling this defendant's bill of exceptions on appeal from the order here assailed. (See *Ward* v. *Dunne,* 136 Cal. 19, and *People* v. *Ward,* 138 Cal. 684.)

It is also now well settled that the power of the court to make such corrections is not lost by mere lapse of time, and in this respect the rule as to the effect of the adjournment of the term has become obsolete. (*Kaufman* v. *Shain,* 111 Cal. 23,[1] and cases there cited; Freeman on Judgments, sec. 71; Black on Judgments, secs. 155, 157, 158, 162.)

Mr. Black says: "The power of courts to amend judgments after the close of the term extends to all omissions to enter the judgments pronounced by the court; and to clerical errors in the form of the entry, whether by introducing a fact which ought to appear on the record or by striking out a statement of a fact improperly produced, and when the record affords sufficient evidence." (Black on Judgments, sec. 158.)

It is contended that there was not upon the hearing of the motion in the trial court any showing that the judgment as entered originally in the minutes was not the judgment rendered, and that there was no showing other than the minutes containing the defective entry as to what judgment actually was rendered.

There may be some question as to the character of evidence competent to show an error in the recorded judgment and as to the right to resort to the recollection of the judge who rendered the judgment after such a lapse of time. It was said, however, in *Kaufman* v. *Shain,* 111 Cal. 16,[1] that the question as to whether the clerk has correctly recorded an order is to be determined by the court in which the motion is made, and that the evidence offered in support of the motion "must be satisfactory to the judge of that court." It was further intimated that in some cases the judge's own memory might be sufficient.

---

[1] 52 Am. St. Rep. 139.

In that case the affidavit of the shorthand reporter was considered, together with the calendar and note-book kept by the judge. (See, also, *Morrison* v. *McCue*, 45 Cal. 118, 119.) These questions are, however, immaterial on this appeal, for it is universally established that if the record itself furnishes the means of correction the court may order the amendment without further proof. This is admitted by counsel for appellant. We are satisfied that the defective minute entry itself affords sufficient evidence to justify the court in making the order in question. It has never been held, as contended by appellant, that to justify such a correction there must be proof outside of and extrinsic to the contents of the entry sought to be corrected. In many cases it is doubtless true that the alleged defect is of such a nature that the contents of the entry do not afford satisfactory evidence of the mistake and of the order made or judgment rendered. In such cases, proof outside of and extrinsic to such entry is, of course, necessary, if the recollection of the judge cannot be invoked. The record entry may, on the other hand, be such as to afford to any reasonable mind satisfactory evidence not only of the mistake but also of what the order or judgment in reality was. If it does afford such satisfactory evidence, it is sufficient to justify the order of correction.

The minute entry in this case showed upon its face that it had been made with extreme and inexcusable carelessness, and that it was incomplete. The abbreviations and omissions were of such a nature as to practically demonstrate this. While there were many apparent omissions in the minute entry, the only one as to which it could be contended that there was any substantial uncertainty was that relating to the place of imprisonment.

Mr. Freeman says: "There are many cases in which it so clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts as established by the record, that the court acts upon the presumption that the error is a clerical misprision rather than a judicial blunder, and sets the judgment, or rather the judgment entry, right by an amendment *nunc pro tunc*." (Freeman on Judgments, sec. 70.) This rule is applicable in this case. The record here showed that the defendant had been

convicted of felony embezzlement, an offense punishable only by imprisonment in a state prison. No judgment other than one of imprisonment in a state prison could lawfully be pronounced. A judgment that he be simply imprisoned in the state, even though Folsom be designated as the particular locality of the state in which the imprisonment should be had, would be absurd. When we take into consideration the fact that one of our two state prisons is located at Folsom, and that the minute entry showed that there was to be a delivery "into the custody of the proper officers of *said* state prison at Folsom, California," it satisfactorily appears that the omission was due to the neglect of the clerk, and that the place of imprisonment designated by the court in rendering judgment was the state prison at Folsom.

The record was definite and certain to the effect that a judgment upon a conviction of felony embezzlement was rendered against the defendant, and that the term of imprisonment imposed was seven years. It afforded sufficient evidence to sustain the finding of the trial court that the place of imprisonment designated by the court was the state prison at Folsom, and that the judgment rendered was in all respects as stated in the order of amendment. To hold otherwise would be to surrender substance to form, common sense to the most extreme technicality.

The order is affirmed.

Shaw, J., and Van Dyke, J., concurred.