[Crim. No. 32.    Third Appellate District.—February 1, 1907.]

# THE PEOPLE, Respondent, v. CHARLES O'BRIEN, Appellant.

CRIMINAL LAW—MURDER—CHANGE TO PLEA OF GUILTY—EX PARTE ORDER CORRECTING RECORD—EXCEPTION—STATEMENT—APPEAL.— Where a defendant charged with murder had in fact changed his plea of not guilty to a plea of guilty of murder of the first degree, but the record by mistake read "plea of murder of the first degree," which mistake was incorporated in the judgment, an *ex parte* order after judgment correcting the record to correspond to the fact affects the substantial rights of the defendant, and may be reviewed upon appeal. Such order is deemed excepted to as matter of law, and no exception need be noted in the statement on appeal containing the order properly authenticated.

ID.—NOTICE OF MOTION TO AMEND RECORD—EVIDENCE ALIUNDE—CLERICAL MISPRISION ON FACE OF RECORD—AUTHORITY OF COURT.—Notice of a motion to amend the record of a judgment is essential, where the record does not disclose the error, and resort must be had to evidence *aliunde* to establish it. But where a clerical misprision appears on the face of the record, the court may at any time, on its own motion, or on the motion of an interested party, with or without notice, amend the record.

ID.—MISTAKE SHOWN BY RECORD—PROPER CORRECTION BY COURT.— Where it appears from the record that defendant was "convicted of murder of the first degree," and appeared "for sentence," and was then informed of the indictment, arraignment, his plea of not guilty, and withdrawal thereof, "and of his plea of murder of the first degree on November 28, 1892, as charged in the indictment," and "he was asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none, and that he waived time, and asked judgment to be now pronounced," the record shows on its face that he intended to plead guilty of murder of the first degree, and the court was authorized, without notice or proof, to order the record corrected.

APPEAL from an order refusing to vacate an order correcting the minutes of the Superior Court of Sacramento County.    E. C. Hart, Judge.

The facts are stated in the opinion of the court.

Sutherland & Barbour, for Appellant.

U. S. Webb, Attorney General, C. N. Post, Assistant Attorney General, and J. Charles Jones, for Respondent.

CHIPMAN, P. J.—This is an appeal from an order refusing to vacate an order correcting the minutes in respect of the plea entered by defendant. The minutes show that on October 11, 1882, O'Brien and two other defendants, indicted for murder, were in court, each appearing by counsel. "The indictment presented and filed herein was read with the indorsements thereon and a copy given to attorneys for defendants and upon motion of defendants' attorney, it is ordered by the court that defendants be and are hereby allowed until next Monday at 10 o'clock a. m."—presumably to plead. The minutes then show that on October 16, 1882, defendant O'Brien "appears at the bar of this Court with his counsel, and the defendant being called upon to plead enters his plea of not guilty." The minutes next show that on November 28, 1882, "the Court met pursuant to adjournment," and proceeds: "The People of the State of California vs. Chas. O'Brien et als., Defendant. Convicted of Murder of the First Degree. For Sentence.

"The District Attorney with the defendant and his counsel, F. D. Ryan, came in Court. The Defendant was duly informed by the Court of the indictment found against him for the crime of murder on the 5th day of October, 1882, of his arraignment and plea of not guilty of murder and of his subsequent withdrawal of said plea of murder and of his entry of his plea of murder of the 1st degree on November 28, 1882, as charged in said indictment. The defendant was then asked if he had any legal cause to show cause why judgment should not be pronounced against him, to which he replied that he had none, and no sufficient cause being shown or appearing to the Court, and defendant having waived time and asked judgment be now pronounced herein. Thereupon the Court renders its judgment. That whereas, the said Charles O'Brien has been duly convicted in this Court of the crime of murder of the first degree. It is therefore ordered, adjudged and decreed that the said Chas. O'Brien be punished by imprisonment in the State Prison at San Quentin, California, for the term of his natural life. The defendant was then remanded to the custody of the Sheriff of the County of Sacramento to

be by him delivered into the custody of the proper officer of said State Prison at San Quentin, California.''

The court, as appears from the transcript, called witnesses who were present at the trial, namely, Mr. C. T. Jones, who was associated with the district attorney, and Mr. William B. Hamilton, clerk of the court, by whom it was shown that defendant ''withdrew his plea of not guilty and entered a plea of guilty of murder in the first degree.'' The record then sets forth the following: ''It appearing to the Court that the said minutes in said proceeding as above set forth do not conform to the facts and evidence having been taken and the Court being fully advised and satisfied, it is therefore ordered, adjudged and decreed that the record of the proceedings in said cause of the People of the State of California vs. Chas. O'Brien et al., defendants, be and the same is hereby corrected so as to read as follows, to wit:'' The amended minutes are then set forth and are substantially the same as the original except that the clause there reading: ''The defendant was duly informed . . . of his arraignment and plea of not guilty of murder and of his subsequent withdrawal of said plea of murder and of his entry of his plea of murder of the 1st degree on November 28th, 1882, as charged in the indictment,'' was amended to read as follows: ''The defendant having heretofore entered his plea of not guilty of the crime of murder as charged in the indictment filed against him, the District Attorney moved the Court that the defendant be permitted to withdraw his plea of not guilty heretofore entered herein and allowed to enter a plea of guilty of the crime of murder of the first degree as charged in said indictment.''

It will be observed that the amendments consisted of introducing the fact that the district attorney moved the court for leave to defendant to change his plea and the further fact that defendant entered ''a plea of guilty of the crime,'' etc., whereas the minutes formerly read, ''plea of murder,'' etc., omitting the words ''guilty of.'' The judgment followed the phraseology of the minutes as they appear in the original record, omitting the words ''guilty of,'' etc.

The proceedings leading up to the amendment of the minutes were *ex parte,* no notice thereof having been given defendant or his attorney, and there was no appearance for him. Subsequently defendant's attorney moved the court to set aside and vacate the order correcting the minutes as afore-

said. The motion was denied and this appeal is from the order. There is an appeal also from the judgment and from the order amending the record of the minutes. The two latter appeals were dismissed upon stipulation without prejudice, it appearing that the appeals were not taken in time.

The attorney general makes the point that the order denying the motion "to vacate the order of November 25, 1905, cannot be reviewed," for the reason that there was no exception stated against the ruling of the court. An order made upon *ex parte* application, and an order or decision made in the absence of a party, are deemed to have been excepted to. (Code Civ. Proc., sec. 647.)

An appeal may be taken by the defendant from an order made after judgment, affecting the substantial rights of the party (Pen. Code, sec. 1237, subd. 3). See *People* v. *McNulty,* 95 Cal. 594, [30 Pac. 963], as to the scope of this provision of the statute. The order affected the substantial rights of defendant. (*Ward* v. *Dunne,* 136 Cal. 19, [68 Pac. 105].)

Granting that the order is appealable and that it is deemed to have been excepted to, it is still urged that it cannot be reviewed because the exception nowhere appears in the transcript. The appeal comes up authenticated by certificate of the judge who heard the motion, as follows: "The foregoing statement was presented in due time and is correct, and is allowed and settled as correct, and it contains all the evidence taken in said proceeding." While in the certificate of the judge it is denominated a statement, it bears no designation on its face and is in effect a bill of exceptions in support of the appeal from the order. It contains the proceedings taken by the district attorney on his motion to correct the minutes, the evidence then used, being oral testimony of witnesses who were present at the trial, the minutes of the trial and the judgment of conviction, the minutes as corrected, the order of the court making the correction, the motion to vacate said order and the order denying the same. It clearly appears that the entire record was before his honor, Judge Hart, when he passed upon the motion to vacate, and is sufficiently authenticated. The order authorizing the minutes to be amended is in the record thus authenticated, and as the law deems it to have been excepted to we can see no reason for requiring that the statement should show what the law provides

for. The law has, in effect, incorporated the exception into the transcript.

Appellant concedes that the judgment was sufficient in form, though not stating the plea of the defendant, and that it was not necessary for the plea to be stated in the judgment. His contention is that "it is void because the judgment-roll fails to show any minutes of a plea after the withdrawal of the defendant's plea of not guilty"; that the judgment-roll shows an entire absence of the minute entry of any plea contemplated by section 1017, Penal Code, which plea is essential to the validity of any judgment by the court in a criminal case.

It is also contended that the court erred in amending the record without notice first having been given to defendant.

It is undoubtedly the law that where clerical misprision has occurred, of which the record affords the evidence, a court may, at any time, on its own motion or on the motion of an interested party, with or without notice, amend a judgment. (*Scammon* v. *Bonslett,* 118 Cal. 93, 97, [62 Am. St. Rep. 226, 50 Pac. 272].) But where an inspection of the record does not show the error, and resort must be had to evidence *aliunde,* courts will require notice to be given of a motion to amend a judgment to the parties affected thereby. (*Ibid.*)

It is a general rule that an application to amend a record should be on notice to the adverse party, that he may have opportunity to show cause against the proposed alteration. (17 Am. & Eng. Ency. of Pl. & Pr. 923.) But it is also there stated that a record may be corrected with respect to matters of form without notice; also that where the courts have held to the doctrine that a record may be amended only by some matter of record, a *nunc pro tunc* entry may be made though no notice be given to the opposite party. In *People* v. *Ward,* 141 Cal. 628, [75 Pac. 306], the subject of amendments to minutes was considered at some length. In that case notice was given. The court sustained the amendment on the ground that "it satisfactorily appears that the omission was due to the neglect of the clerk, and that the place of imprisonment (which was the only substantial uncertainty) designated by the court in rendering the judgment was the state prison at Folsom." The question as to the character of evidence competent to show an error in the recorded judgment was passed over, "for," as the court said, "it is universally established

that if the record itself furnishes the means of correction the court may order the amendment without further proof." (See, also, *Kaufman* v. *Shain,* 111 Cal. 684, [52 Am. St. Rep. 139, 43 Pac. 393].)

The question here, then, seems to be this: Does the record in itself show sufficient to justify the amendment as a mere clerical misprision? If the question may be answered in the affirmative, the evidence taken may be disregarded as immaterial and unnecessary in aid of the amendment, for it only established by evidence *aliunde* what the court could determine without it, namely, that the defendant did in fact plead not guilty of the crime charged. It appears from the record that defendant had entered a plea of not guilty; that subsequently he was brought into court "for sentence," accompanied by his attorney; that he was duly informed of the indictment found against him for the crime of murder, of his arraignment and plea of not guilty of murder, and of his subsequent withdrawal of said plea, "and of his entry of his plea of murder of the first degree on November 28, 1882, as charged in the indictment." It appears further that "he was asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none"; that he waived time "and asked judgment to be now pronounced."

It seems to us that there is enough on the face of the record to show that the defendant intended to enter a plea of guilty of murder in the first degree. When he entered a plea of murder it could by no interpretation be said to mean not guilty. He was brought into court "for sentence," the record also stating: "Convicted of murder of the first degree," from which it would appear that some steps had been taken by defendant toward his receiving sentence, upon coming into court, which could only have been done upon a plea of guilty. His declaring that he had no cause to show why judgment should not be pronounced against him, his waiving time and asking immediate judgment for the crime with which he stood charged, his long acquiescence in that judgment, and other facts appearing, all tend to show that he did, in fact, enter a plea of guilty. The proceedings are entirely consistent with this view and are utterly inconsistent with the idea that he pleaded not guilty or entered no plea at all. It is not entirely clear but that, when the whole minute record is considered,

the plea as shown means that defendant admitted that he had committed murder of the first degree as charged in the indictment, from which it would follow that he was guilty and meant to so plead.

*People* v. *Monaghan,* 102 Cal. 229, [36 Pac. 511], is much relied upon by appellant. In that case it appeared that defendant first pleaded not guilty, but withdrew the plea for the purpose of filing a demurrer and having it argued. Later the cause was continued "for defendant to plead." The minutes failed to show that any plea was thereafter entered. When the trial commenced the clerk stated to the jury that a plea of not guilty had been entered, but this was no part of the minutes. The cause went to trial without objection by defendant that he had not pleaded. Evidence was put before the jury and a verdict of guilty rendered. When called for judgment the defendant objected and moved in arrest of judgment on the ground that he had not been legally convicted. The supreme court held with defendant. The feature distinguishing that case from this one is that there was no plea and no issue, and it was not claimed that there was. The defendant was put upon his trial without a plea, and it was held error for the reason that there must be a plea preceding the trial. But here there was no trial; defendant withdrew his plea of not guilty and threw himself upon the mercy of the court by submitting his case on what, we think, was clearly intended to be and was in effect a plea of guilty as charged. The prescribed code plea is: "The defendant pleads that he is guilty of the offense charged." The plea entered was clearly not intended to be "not guilty," for he had just withdrawn that plea. It could not have been intended as a plea of jeopardy nor of former conviction, nor of any other plea open to him but that of guilty. The language used forbids any other conclusion. When he pleaded murder of the first degree as charged in the indictment, the plea could have meant nothing but guilty, for he was, in the indictment to which he referred in his plea, charged with being guilty of murder. In using the language "murder of the first degree," he indicated his intention to plead guilty, for in no other form of plea could he have properly mentioned the degree. In *People* v. *Monaghan,* 102 Cal. 229, [36 Pac. 511], there was no plea of any kind and no attempt to make a plea;

but here was a plea against which the only-thing that can be said is that it was an imperfect plea.

As was said in *People* v. *Ward*, 141 Cal. 628, [75 Pac. 306], we think that to reverse the order "would be to surrender substance to form, common sense to the most extreme technicality."

The order is affirmed.

Burnett, J., and Hart, J., concurred.