[L. A. No. 3460. Department Two.—June 4, 1915.]

M. TAKEKAWA, Respondent, v. W. J. HOLE, Appellant.

JUDGMENTS—OMISSION IN CONCLUSIONS OF LAW—POWER OF COURT TO AMEND JUDGMENT.—In an action on a contract to compel the conveyance of land and stock in a water company on payment of the purchase price, in which findings of fact and conclusions of law were filed, the former referring to the stock and the latter containing no reference to it, and the oral decision of the court required the conveyance of both land and stock, but the judgment as entered by the clerk omitted reference to the stock, the court can amend the judgment as entered by adding the portion of the oral judgment relating to the stock even if the judgment as entered has become final and has been satisfied.

ID.—POWER OF COURT TO AMEND JUDGMENT AS ENTERED.—A court can always amend the judgment entered by the clerk to make it conform to the judgment actually rendered, but it cannot alter the judgment as rendered, nor make the judgment as entered express anything not embraced in the judgment as rendered even if the court should rightfully have rendered a judgment in conformity with the amendment.

APPEAL from a judgment of the Superior Court of Orange County and from an order refusing a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Anderson & Anderson, and Watkins & Blodgett, for Appellant.

Kemp, Mitchell & Silberberg, for Respondent.

HENSHAW, J.—This cause was tried in the superior court
of Orange County and in November, 1909, a judgment was
rendered in favor of the plaintiff and against the defendant
for the recovery of certain real property. Findings of fact
and conclusions of law and the judgment were all signed by
the judge who tried the case, and the judgment was duly
entered by the clerk in his judgment docket. The complaint
averred the plaintiff's right of recovery of sixty shares of
stock of the La Habra Water Company. It alleged an un-
warranted refusal of the defendant to execute and deliver
to the plaintiff a deed of conveyance to the real property
"or deliver the sixty shares of water stock of the La Habra
Water Company mentioned in the said contract." The
prayer of the complaint also sought a transfer and delivery
to plaintiff of these sixty shares. The answer denied the
right of plaintiff to a conveyance of the real estate or a trans-
fer of the water stock. By its findings the court declared the
contract to be as plaintiff had pleaded, the contract containing
the clause, "With this land there is to be given sixty shares of
the La Habra water stock." The findings further declared
that plaintiff had duly tendered performance and the defend-
ant had refused to make the deed of conveyance and to deliver
the sixty shares of stock of the La Habra Water Company
mentioned in said contract. The conclusions of law, while
pronouncing upon plaintiff's right to a deed of the real estate
upon payment of the money contemplated by the contract,
were silent upon the question of the water stock, making no
reference thereto whatsoever. The court, as has been said,
signed these findings of fact and conclusions of law. It also
signed a form of judgment.

Under our procedure the court pronounces its decision,
which in fact is the oral judgment in the case. This judg-
ment is to derive its support from written findings of fact
and conclusions of law signed by the court. The ministerial
duty of the clerk is to enter a judgment in conformity with
the decision of the court, evidenced by the signed findings
and conclusions. In the generality of cases, to an intelligent
clerk, the conclusions of law will be sufficient guidance for
the entry of a correct judgment. But it is eminently proper
for the court to give to the clerk for his direction the form
of judgment which the decision or oral judgment calls for.
The court so did in this case and declares that this form of

judgment contained an award of the stock to plaintiff.    But
to this appellant makes answer that the conclusions of law are
silent upon plaintiff's right  to receive the fifty shares of
water stock, and that this absence of a conclusion of law is
controlling  upon the proposition that  the court's original
judgment did not and could not have contained a decree
awarding it to plaintiff.    In this, however, appellant ascribes
too much potency to a mere conclusion of law.    The judgment
itself controls and if the findings support the judgment, the
mere absence or omission of a specific conclusion of law will
not avail to defeat a judgment otherwise properly given.
Indeed, it will be held that the conclusion of law is at once
embraced and expressed in the mandate of the judgment.    In
this case, then, we see that by his complaint plaintiff sought
a transfer of this stock.    By the prayer of his complaint he
asked for it.    We see that the court found the contract by
which defendant agreed to convey this stock to be a valid and
subsisting contract, and decreed the terms upon which defend-
ant should be made to perform his contract.    If in truth then,
though the conclusions of law may have been silent upon the
matter, the court in its oral judgment did decree that de-
fendant should comply with the terms of his contract, this
judgment necessitated a transfer of the stock as well as a
conveyance of the real property.

And so we come to the final consideration.

The form of judgment which the judge signed contained
the following language: "And that upon payment of said
money hereinbefore provided for, said defendant W. J. Hole
be also required to transfer and deliver to this plaintiff sixty
shares of the stock of the La Habra Water Company as pro-
vided in said contract mentioned and set forth in said find-
ing."    These words were canceled by ink lines drawn through
them.    Opposite them upon the margin was the initial "N,"
the final initial of Mr. Noyes, attorney for plaintiff, and
written in between the lines thus canceled was the following:
"Agreed upon by the said plaintiff and W. J. Hole."    As
to the meaning of this there can be no dispute.    It means
that in this draft of the form of a judgment provision was
made for the transfer by defendant to plaintiff of sixty shares
of the stock of the La Habra Water Company; that by con-
sent of the attorneys of both parties this provision of the
judgment was eliminated by cancellation from this prepared

form. (At least such is the declaration of the interpolated writing, though whether or not the writing was made by the authority of defendant does not appear upon the face of it, and the assent of plaintiff's attorney is indicated by his initial.)

It would seem clear, moreover, that this provision was canceled before entry by the clerk of his judgment, for otherwise it is to be taken for granted that the judgment which he entered would have contained this provision, as it did contain with exactness everything else embraced in the form of the judgment presented to him. From the judgment thus entered defendant took his appeal, as he did also from the order denying his motion for a new trial. His appeals were denied by a decision of the court of appeal rendered in February, 1912. After the decision of the appellate court affirming the judgment and order appealed from, plaintiff received and accepted from the clerk the deed to the property which had been deposited with the clerk by the defendant, and the defendant received from the clerk the moneys called for by the judgment, which moneys had been deposited by the plaintiff with the clerk. This was in February, 1912, and thereafter, in June, 1912, on *ex parte* application plaintiff secured from the judge who tried the cause an amendment to the judgment, which amendment ordered defendant to transfer to plaintiff sixty shares of the capital stock of the La Habra Water Company, the order of the court being in the following language:

"It appearing to the court that the judgment heretofore entered by the clerk in the above entitled action, is not a correct memorial of the judgment and order rendered and announced by this court in the above entitled action, in that said judgment as rendered and announced by said court provided that the defendant transfer and deliver to the plaintiff herein sixty shares of the stock of the La Habra Water Company, as provided in the contract mentioned and set forth in the findings; and

"Whereas, through inadvertence and a clerical error, there was omitted from the record of said judgment, any direction specifically ordering defendant to deliver said sixty shares of stock of the La Habra Water Company to defendant upon payment of the money directed to be paid by said judgment;

"Now, therefore, it is hereby ordered that the judgment heretofore entered by the clerk in this action on November 4, 1909, be, and the same is hereby corrected to conform to the actual judgment announced and intended by the court, by adding to said judgment, after line 30 on page 3 thereof, the following:

" 'It is further ordered, adjudged and decreed that upon payment of said money hereinbefore provided for, said defendant W. J. Hole be also required to transfer and deliver to 'this plaintiff sixty shares of the stock of the La Habra Water Company as provided in said contract mentioned and set forth in said findings.'

"That this order correcting the record of said judgment be entered *nunc pro tunc* to appear of record as of November 4, 1909, that being the date when said judgment was originally made and entered.

"Done in open court this 14th day of June, 1912.

"Z. B. WEST,

"Judge."

Here, then, is an amendment to a judgment, which amendment involves the transfer of property and of property rights made not only after the original judgment had become final, but after it had been satisfied. The law governing the power of the court at *nisi prius* in dealing with its own judgments is well settled. The court may always amend the entered judgment to make it conform to the decision which the court actually rendered (*Homeseekers Loan Association* v. *Gleeson,* 133 Cal. 312, [65 Pac. 617] ; *San Francisco* v. *Brown,* 153 Cal. 644, [96 Pac. 281] ), but it may never subsequently amend by new modifications or enlargements of the judgment which it originally rendered or of the judgment record which is in accordance with the decision which was actually rendered. It may not make the judgment express anything not embraced in the court's decision, even though the proposed amendment contains matters which ought to have been so pronounced. (Freeman on Judgments, sec. 70, note 2; *First Nat. Bank of Fresno* v. *Dusy,* 110 Cal. 70, [42 Pac. 476] ; *O'Brien* v. *O'Brien,* 124 Cal. 428, [57 Pac. 225].)

Indisputably the amendment here made does change the judgment in important particulars. Indisputably it is an amendment which, if it be new matter, the court had no power to make, even though it declares in conformity with what the

court originally should have decided but did not decide. But, upon the other hand, if the matter of the amendment was a part of the original decision of the court and through misprision of the clerk was not entered, it was within the power of the court to amend the record of the judgment so as to have it comport with verity and speak the decision which the court actually made. In the order amending the judgment which is here appealed from the court declared that the judgment was ordered amended under the conditions and circumstances last set forth. It declared, in effect, that the judgment was amended not by the insertion of new matter, but by correcting the record to have it contain all of the matters originally decreed. We must treat the form of judgment which the judge signed as setting forth the oral judgment or decision of the court, which it was the duty of the clerk to enter. It was the duty of the clerk to enter it, not because it was in writing signed by the judge, but because it was in fact the oral judgment which the court pronounced. Such is the tenor of the court's declaration in making the order of amendment. If the court was mistaken in this it was open to the appellant, upon his motion to vacate the order, so to show. He did not undertake to show the contrary, but upon this appeal rests upon the strictly legal proposition that the court had no power to make the amendment in question because it was the introduction of new matter in modification and enlargement of the judgment. The court's declaration that it is not new matter, if assailed at all, is therefore unsuccessfully assailed and the orders appealed from are affirmed.

Melvin, J., and Lorigan, J., concurred.