[Civ. No. 7221. Third Dist. June 19, 1946.]

Estate of STELLA REMICK, Deceased. ROGER T. REMICK et al., Appellants, v. CHARLES HERRING et al., Respondents.

J. A. Pardee and Rowland & Craven for Appellants.

Wm. B. Chaplin for Respondents.

THE COURT.—This is an appeal from an order amending a decree of distribution *nunc pro tunc*. In March, 1937, Stella Remick died testate, leaving surviving her her husband, Robert Murray Remick, and five brothers. The will of decedent, which was holographic, was duly admitted to probate, D. R. Herring, one of the brothers of Stella Remick, being appointed as executor of the estate pursuant to directions in the will. In due time said executor rendered his account, and petitioned for a decree of distribution, which decree was rendered November 1, 1937.

In May, 1945, Charles Herring, M. B. Herring, H. E. Herring and Grover Herring, the surviving brothers of Stella Remick, moved the court for an order correcting the aforesaid decree of distribution, on the ground that same did not conform to the findings of the court in certain respects nor with the will of decedent and that the alleged error in the decree was the result of a clerical error. Objection to the granting of the motion was made by Roger T. Remick and L. C. Remick, brothers of Robert Murray Remick, L. C. Remick appearing individually and as administrator of the estate of Robert Murray Remick, deceased; though in what respect they are parties in interest does not appear from the record before us.

The trial court granted the motion to amend, and this appeal was taken from its order.

It appears from the record before us, which is presented in a bill of exceptions, that the will of Stella Remick provided, among other things, as follows:

"To my husband, Robert Murray Remick, I bequeath all real estate belonging to me, situated in North Arm of Indian Valley, Plumas County, California, and also all personal belongings. Seventy-two (72) shares of stock in the Quincy Branch of the Bank of America, and two thousand dollars ($2000.00) worth of Stock in the Pacific Gas and Electric Company —— with this understanding, that when the above Robert Murray Remick passes on, all the above named property *or value thereof* be divided equally among my brothers who may be alive at that time, they to decide the ways and means of dividing the same. Brothers, namely: Charles Herring, M. B. Herring, H. E. Herring, D. R. Herring, and Grover Herring." (Italics added.)

It also appears that the petition for distribution of her estate recited:

"That under the terms of the last will and testament of said deceased, all of the real property situate in the North Arm of Indian Valley, and all personal property, including 72 shares of stock in the Bank of America, N. T. & S. A., and stock of Pacific Gas and Electric Company, and also all personal belongings, were devised and bequeathed to said husband, Robert Murray Remick, with the provision that on the death of said Robert Murray Remick, all of said property, *or the value thereof*, was to be divided equally amongst the brothers of said decedent who might be living at the time of the death of said husband; . . ." (Italics added.)

The petition also set forth the properties of the estate to be distributed to Robert Murray Remick, and concluded with a prayer that the estate be distributed "in the proportions hereinabove set forth, in accordance with the terms of said last will and testament, to the parties entitled thereto, as therein and hereinabove set forth." The decree of distribution contained the following finding:

"The Court finds that under the terms of the last will of said decedent, Robert Murray Remick is entitled to all of the personal property of said deceased, except moneys in savings banks, to be held by said Robert Murray Remick with the provision that on the death of said Robert Murray Remick, all of said property, *or the value thereof*, is to be divided equally amongst the brothers of said decedent who might be living at the time of the death of said Robert Murray Remick; . . ." (Italics added.)

It then made a finding as to the assets of the estate which were to be distributed to Robert Murray Remick, with the proviso as above set forth.

However, the portion of the decree which ordered distribution of the described assets to Robert Murray Remick contained the words "provided that as to any of said property hereby distributed to said Robert Murray Remick, *or the proceeds thereof*, remaining at the time of the death of said Robert Murray Remick, shall go in equal shares to the brothers of said decedent living at the date of the death of said Robert Murray Remick." (Italics added.)

The order amending the decree *nunc pro tunc* recited that it appeared to the court that the decree entered was not a correct memorial of the order and decree announced by the court in that said order and decree as rendered and announced by the court provided that the petition for distribu-

tion be granted as prayed for, which petition prayed for distribution "In accordance with the Last Will and Testament to the parties entitled thereto, as therein and hereinabove set forth"; that it appeared from the will, petition for distribution, findings of the court and the recollection of the judge that the order of distribution did not conform thereto or to any of them, and that from inadvertence and clerical error the order and decree contained the language: "Provided that as to any of said property hereby distributed to said Robert Murray Remick, or the proceeds thereof, remaining at the time of the death of said Robert Murray Remick, shall go in equal shares to the brothers of said decedent living at the date of the death of said Robert Murray Remick," which did not express the order and decree announced or intended by the court. It was therefore ordered that the said decree be amended by substituting for the language above-quoted, the following: "Provided that all of said property hereby distributed to said Robert Murray Remick, or the value thereof, shall go in equal shares to the brothers of said decedent living at the date of the death of said Robert Murray Remick."

The only question on this appeal is whether the said amendment constituted the correction of a clerical error, or the attempted correction of a judicial error.

The great weight of authority is to the effect that a court may, at any time, and with or without notice, or on its own motion, correct a judgment by a *nunc pro tunc* order so as to make the judgment as entered conform to the *judicial decision* actually made. (See *Takekawa* v. *Hole,* 170 Cal. 323 [149 P. 593]; *Dutton Dredge Co.* v. *Goss,* 77 Cal.App. 727, 732 [247 P. 594]; *Goatman* v. *Fuller,* 191 Cal. 245, 248 [216 P. 35]; *Kaufman* v. *Shain,* 111 Cal. 16, 23 [43 P. 393, 52 Am.St. Rep. 139]; *Carter* v. *J. W. Silver Trucking Co.,* 4 Cal.2d 198, 204-205 [47 P.2d 733]; *Carpenter* v. *Pacific Mutual Life Insurance Co.,* 14 Cal.2d 704 [96 P.2d 796]; *Scamman* v. *Bonslett,* 118 Cal. 93, 97 [50 P. 272, 62 Am.St.Rep. 226]; *E. Clemens Horst Co.* v. *Federal etc. Co.,* 22 Cal.App.2d 548 [71 P.2d 599]; *Crim* v. *Kessing,* 89 Cal. 478, 486 [26 P. 1074, 23 Am. St.Rep. 491]; *Estate of Soboslay,* 4 Cal.2d 177, 179 [47 P.2d 714]; *McKannay* v. *McKannay,* 68 Cal.App. 709, 712 [230 P. 218]; 14 Cal.Jur. § 40, p. 931; *Pappas* v. *Taylor,* 138 Wash. 31 [244 P. 393, 394]; *O'Bryan* v. *American Inv. & Imp. Co.,* 50 Wash. 371 [97 P. 241, 242]. Also see notes in 10 A.L.R. 526, 67 A.L.R. 828, and 126 A.L.R. 956.)

■ While it is also well established that a court may not correct a judicial error by an order so entered, errors due to the failure of a record to speak the truth or to conform to the decision rendered, and clerical misprisions generally, *of which the record affords the evidence,* may be corrected at any time by the court upon its own motion or upon motion of an interested party, with or without notice. (14 Cal.Jur. 1007.)

■ Also a clerical error is not necessarily one made by a clerk, but such error may be that of the court or judge. In *Estate of Goldberg,* 10 Cal.2d 709 [76 P.2d 508], the court had for consideration the validity of an order correcting a decree of distribution *nunc pro tunc* as of the date of the original decree entered thirty-five years previously. It first stated the general rule that when on the face of a record it appears that a clerical error has been committed and carried into the judgment or decree the court has the power to correct such error; and as to what constitutes a clerical error within such rule it stated, page 715, that while in its original and literal significance, a clerical error is one made by a clerk or some subordinate agent, latterly the meaning has been broadened and extended so that now it may include an error that may have been made by the judge or court. It also said, page 717, that as to such clerical errors, when same are apparent upon the face of the record, no time limit exists as far as the right to make the correction is concerned, and that the trial court has full power to determine whether the error was clerical or judicial in character, citing *Harman* v. *Cabaniss,* 207 Cal. 60 [276 P. 569]. *Carpenter* v. *Pacific Mutual Life Insurance Co., supra,* is to the same effect. Also in *Kohlstedt* v. *Hauseur,* 24 Cal.App.2d 60 [74 P.2d 314], where the power of the court to amend a judgment *nunc pro tunc* on an ex parte application was in question, the court said that the superior court has inherent power to correct its records so as to make them speak the truth, regardless of the lapse of time, even though the misprision was that of the court. It also said that it is for the judge who made the original decision to decide whether the judgment as written expresses his decision, and that in so acting he is exercising one of the functions of his judicial office, citing *Kaufman* v. *Shain, supra,* and *Kowalsky* v. *Nicholson,* 23 Cal.App. 160 [137 P. 607]. It also quoted from *Livesay* v. *Deibert,* 3 Cal.App.2d 140, 147 [39 P. 2d 466], where the court said that it was for the trial judge to determine whether the order was all that he intended it to be; that if the mistake was clerical it could be corrected;

that it must be presumed that he found it to be his own clerical error; that the facts were within his knowledge and that he had a right to rely upon his own memory.

In *Haynes* v. *Los Angeles R. R. Corp.*, 80 Cal.App. 776 [252 P. 1072], the court said, page 781, that the court having made the *nunc pro tunc* order, every intendment is in favor of its regularity and validity. And in *Crim* v. *Kessing, supra,* it was said, at page 486, that, when made, a record so corrected, and the order making the correction, are conclusive upon any other court in which the record is offered in evidence. (Also see 14 Cal.Jur. 994 and cases cited in 10 A.L.R. 624-625.)

In the case before us the record shows that on November 1, 1937, the trial court made a minute order that recited that "The Court having heard the account and having duly considered the same, it is ordered that the said account be, and the same is hereby settled, allowed and appoved, as rendered, and further ordered that the petition for distribution be, and the same is hereby granted *as prayed for.*" (Italics added.) This order is evidence of the intent of the court as to the decree it intended to make (*Bastajian* v. *Brown,* 19 Cal.2d 209, 215 [120 P.2d 9]); and the petition for distribution recited that on the death of Robert Murray Remick all the said property "or the value thereof" was to be divided equally among the brothers of decedent, Stella Remick, and prayed for distribution "in accordance with the terms of said last will and testament, to the parties entitled thereto, as therein and hereinabove set forth."

In the decree itself the court found that Robert Murray Remick was entitled to said property, with the provision that on his death all of such property, *or the value thereof,* was to be divided equally among the brothers of said decedent who might be living at the time of the death of said Robert Murray Remick. It therefore appears without question that the language used in the distributive portion of the decree did not conform to the will, to the prayer of the petition, to the minute order, or to the findings, all of which indicates that the use of the words "or the proceeds thereof" instead of "or the value thereof" was inadvertent and constituted a clerical error, as the court in its order amending states that it did. The trial court's determination to that effect finds support in the record and under such circumstances its conclusion is binding upon this court (*Bastajian* v. *Brown, supra.*)

The order appealed from is therefore affirmed.