[L. A. No. 19576. In Bank. Mar. 25, 1947.]

Estate of HELEN LA MONTE HULTIN, Deceased. JACK YOULIAN, as Executor, etc. et al., Respondents, v. NADIA WILLIAMS et al., Appellants.

Nadia Williams, in pro. per., and Marion P. Betty for Appellants.

William A. Sherwin and Michael F. Brown for Respondents.

CARTER, J.—This case has been before this court previously. (*Estate of Hultin,* 28 Cal.2d 340 [170 P.2d 16].) Therein we decided that the motion to dismiss the appeals would not be granted on the ground of untimeliness in the preparation and filing of the transcripts for the reason that appellants should be relieved from their default in that respect. We now have before us for disposition the application of appellants Nadia Williams and Mae Barr for a writ of supersedeas, and respondents' motion to dismiss the pending appeals for asserted lateness in the filing of the notices of appeal from the judgment and orders hereinafter mentioned.

The application by appellants Nadia Williams and Mae Barr for the admission to probate of a witnessed will of the deceased, Helen La Monte Hultin, was opposed by Jack Youlian and Joan Youlian, respondents. A holographic will was offered for probate by the Youlians and was opposed by Williams and Barr. Contests of the respective wills were filed by the opposing parties. The two contests were consolidated for trial. On June 5, 1945, a judgment was entered on the verdict of a jury denying admission to probate of the witnessed will. On the same day an order was entered dismissing the Williams and Barr contest of the holographic will, admitting that will to probate and appointing Jack Youlian executor thereof. Said order will be hereinafter referred to as the first order. Notices of entry of the judgment and the first order were served and filed on June 18, 1945. A notice of intention to move for a new trial in the proceeding resulting in the judgment was filed and bears the clerk's filing date of June 29, 1945, making the filing of the notice apparently a day late. (See Code Civ. Proc., § 659.) The motion for a new trial was heard on August 7, 1945, by Judge Beardsley, the trial judge. On August 14, 1945, Judge Blake, the presiding judge

of the Superior Court of Los Angeles County, made ex parte, upon motion of appellants, an order reading in part as follows: "Upon reading and filing the affidavit of Nadia Williams, Marie Antoinette Griffith and Myrven F. Gift, and the evidence of the check dated June 28, 1945, being before the Court, and good cause appearing therefor, IT IS ORDERED AND DECLARED that the fee of $9.00 for filing the Notice of Motion of Intention to move for a New Trial in the above entitled matter was filed within time and that therefore the Motion for the New Trial may be heard upon authority of [*Commercial*] *Nat. Bank* v. *Schlutz* [*Schlitz*], 6 C.A. 174 [91 P. 750]." On August 16, 1945, the trial judge denied the motion for a new trial and in the order of denial also ordered (hereinafter referred to as second order) the vacation of Judge Blake's order of August 14, 1945. On November 5, 1945, the trial court ordered (hereinafter referred to as third order) appellant Williams as special administratrix of the estate to deliver the assets of the estate to respondent Youlian as executor.

A notice of appeal from the judgment was filed on August 9, 1945, and a notice of appeal from the first order was filed on July 2, 1945. Manifestly, the latter notice of appeal is timely, it being filed within 60 days from the entry of the order, but the notice of appeal from the judgment was late unless the time was extended by the filing of the notice of intention to move for a new trial. Appeals were also taken from the second and third orders.

Appellants applied to this court in December, 1945, for a writ of supersedeas staying the execution of the third order pending appeal, and in January, 1946, an order to show cause why the writ should not be granted was issued by this court and all proceedings on the judgment and order appealed from were stayed pending final determination of the matter. Respondents answered the petition for a writ of supersedeas urging that the appeal from the judgment was too late, the notice to prepare the transcript was not timely and the notice of appeal from the first order was not signed by the attorney of record. Respondents also noticed for hearing in March, 1946, a motion to dismiss the appeals on the ground that, as to the judgment, the notice of appeal and request for a transcript were late and the transcript was not filed within the time required by law; that as to the first order the same was true, and in addition, that no request for a transcript was filed and the notice of appeal was not signed by the attorney of record;

that as to the second order, it is not an appealable order; and that as to the third order, the matter will become moot on the dismissal of the other appeals.

The issue of the timeliness of the appeal from the judgment involves the question of whether the notice of intention to move for a new trial was filed in time, thus extending the time in which to appeal, and the effect on that question of the order of Judge Blake on August 14, 1945, and the second order vacating the order of August 14th.

■ The question before us is, therefore, in regard to the appeal from the judgment, whether the trial judge erred in holding that appellants' notice of intention to move for a new trial was not filed until June 29, 1945, which was one day late. Appellants contend that the filing date written on such notice by the clerk was erroneous and that such error was corrected by the order made by Judge Blake on August 14, 1945.

It has been held repeatedly that an order correcting a clerical error in the record of a judgment may be made by the court *ex parte without notice* and on the court's own motion. (*Carpenter* v. *Pacific Mut. Life Ins. Co.*, 14 Cal.2d 704 [96 P.2d 796]; *Estate of Burnett*, 11 Cal.2d 259 [79 P.2d 89], *Estate of Soboslay*, 4 Cal.2d 177 [47 P.2d 714]; *Lauchere* v. *Lambert*, 210 Cal. 274 [291 P. 412]; *Homeseekers Loan Association* v. *Gleeson*, 133 Cal. 312 [65 P. 617]; *Scamman* v. *Bonslett*, 118 Cal. 93 [50 P. 272, 62 Am.St.Rep. 226]; *Dickey* v. *Gibson*, 113 Cal. 26 [45 P. 15, 54 Am.St.Rep. 321]; *Crim* v. *Kessing*, 89 Cal. 478 [26 P. 1074, 23 Am.St.Rep. 491]; *Estate of Remick*, 75 Cal.App.2d 24 [170 P.2d 96]; *Benway* v. *Benway*, 69 Cal.App.2d 574 [159 P.2d 682]; *Kohlstedt* v. *Hauseur*, 24 Cal.App.2d 60 [74 P.2d 314]; *Livesay* v. *Deibert*, 3 Cal. App.2d 140 [39 P.2d 466]; *People* v. *O'Brien*, 4 Cal.App. 723 [89 P. 438]; see *Carter* v. *J. W. Silver Trucking Co.*, 4 Cal.2d 198 [47 P.2d 733]; *Estate of Willard*, 139 Cal. 501 [73 P. 240, 64 L.R.A. 554]; *Wilson* v. *Nichols*, 55 Cal.App.2d 678 [131 P.2d 596].) The above cases cited may be classified as follows: (1) Where a clerical error appears *on the face of the record*. (*Estate of Soboslay, supra; Estate of Willard, supra; Homeseekers Loan Association* v. *Gleeson, supra; Scamman* v. *Bonslett, supra; Dickey* v. *Gibson, supra; Estate of Rimick, supra; Benway* v. *Benway, supra; People* v. *O'Brien, supra.*) (2) Where the existence of such an error is dependent upon the memory and knowledge of the judge, some cases holding that his declaration on the matter is conclusive. (*Carpenter*

v. *Mutual Life Ins. Co., supra; Carter* v. *J. W. Silver Trucking Co., supra; Lauchere* v. *Lambert, supra; Crim* v. *Kessing, supra; Estate of Remick, supra; Kohlstedt* v. *Hauseur, supra.*) (3) Where the statement on the subject in the decision is dictum. (*Estate of Burnett, supra; Wilson* v. *Nichols, supra.*)

On the other hand there are cases indicating that where a clerical error does not appear on the face of the record but must be proved by evidence aliunde, notice of a motion to correct such an error is necessary if substantial rights are involved. (*People* v. *O'Brien, supra;* see *Herd* v. *Tuohy,* 133 Cal. 55, 63 [65 P. 139] ; *M'Nally* v. *Mott,* 3 Cal. 235; *Brush* v. *Pacific Electric Ry. Co.,* 58 Cal.App. 501, 506 [208 P. 997] ; Freeman on Judgments [5th ed.], § 172.)

In any event where, as in the case at bar, the judge has no connection with or knowledge of the asserted error in the record (the issue here is solely one of the filing date of the notice of intention to move for a new trial, a matter solely in the domain of the clerk of the court) and it does not appear on the face of the record, notice of a motion to correct the alleged error should be a jurisdictional requirement. ■ Substantial questions are involved, namely, whether the motion for a new trial should be considered on the merits, and the timeliness of the appeal. The ascertainment of whether an error had been committed by the clerk in writing the filing date on the notice requires the determination of a fact from evidence that may be conflicting. In such a situation, the right to a notice and hearing is obvious. (See, discussion, Freeman on Judgments [5th ed.], § 172.)

In the instant case the order of Judge Blake of August 14, 1945, was granted ex parte and was therefore void on its face. ■ The trial court (presided over by Judge Beardsley) had authority to vacate that order on the ground that it was void on its face. (*Olivera* v. *Grace,* 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328].) This it did in its order (second order) which was a part of its order denying the motion for a new trial. ■ The order denying the motion for a new trial was based upon the ground that the court lacked jurisdiction to do otherwise inasmuch as the notice of intention to move for a new trial was filed too late. It therefore necessarily determined the very issue involved in the instant motion to dismiss the appeals, that is, whether the notice of intention was filed in time, thus extending the time in which an appeal could be taken.

When the motion for a new trial came on for hearing on August 16, 1945, all parties were represented. It is recited in the minute order denying the new trial that: "Contestants [appellants] move the Court to have set aside the ex parte order of Aug. 14, 1945, as to payment of fee for filing of said Motion for New Trial; after argument, said motion to set aside is granted. Further argument is made on said Motion for New Trial.

"It is ordered that the ruling heretofore made by this Court that the filing date appearing on the said Motion for new trial be not changed, still stands and that said Motion for New Trial be and the same is hereby denied on the ground of lack of jurisdiction of the Court." Hence the matter of whether or not the notice of intention was filed in time was in issue and decided. Assuming that the affidavits used in obtaining the order of August 14, 1945, were used at the hearing on August 16, 1945, there was nothing more than a conflict in the evidence inasmuch as the filing date stamped on the notice of intention was alone sufficient to create a conflict. (There probably are other conflicts with respect to what transpired but they need not be considered.) Even if it were permissible for us to do so, we are not inclined to disturb the conclusion of the trial court that the notice of intention was filed too late.

By reason of the foregoing the appeal from the judgment must be dismissed. The appeal from the second order, assuming it is appealable, must be affirmed inasmuch as Judge Blake's order was void.

This brings us to the appeal from the first order which, as we have seen, was timely. (Order appointing Youlian executor entered June 5, 1945—notice of appeal therefrom filed July 2, 1945.) Respondents assert however that the notice of appeal was not signed by appellants or their attorney of record and therefore the appeal was not validly perfected.

■ *Although there was no express provision in the statutes on the subject* (the statute provided merely that "An appeal is taken by filing with the clerk of the court in which the judgment . . . is entered, a notice stating the appeal from the same . . ." (Code Civ. Proc., § 940)), it has been held or stated that a notice of appeal in order to be effective must be signed by the appellant's *attorney of record* if the party appeared by an attorney. (*Starkweather* v. *Eddy*, 196 Cal. 73 [235 P. 734]; *Anglo-California T. Co.* v. *Oakland Rys.*, 191

Cal. 387 [216 P. 578]; *McMahon* v. *Thomas,* 114 Cal. 588 [46 P. 732]; *Livermore* v. *Webb,* 56 Cal. 489; *Whittle* v. *Renner,* 55 Cal. 395; *Prescott* v. *Salthouse,* 53 Cal. 221; *Jackson* v. *Jackson,* 71 Cal.App.2d 837 [163 P.2d 780]; *Hersh* v. *Garau,* 110 Cal.App. 198 [293 P. 860]; *Ellis* v. *Bennet,* 2 Cal.Unrep. 302 [3 P. 801]; *Harrigan* v. *Bolte,* (Cal.) 8 P. 184.) But it has been intimated that it need not be signed by the attorney of record, and that a new attorney may sign such notice. (*McDonald* v. *McConkey,* 54 Cal. 143.) And slight circumstances are sufficient to constitute a waiver of the objection (*Starkweather* v. *Eddy, supra*) such as acknowledgment of receipt of service of notice of appeal (see, cases, 2 Cal.Jur. 319, 320). The doubtful soundness of the rule, as indicated by the facility with which it could be waived, was undoubtedly considered and the matter set at rest by the new Rules on Appeal which abrogate it. Rule 1(a) of the new Rules on Appeal provides: ''The notice [notice of appeal] shall be signed by the appellant or *his attorney* and shall be sufficient if it states in substance that the appellant appeals from a specified judgment or a particular part thereof. A notice of appeal shall be liberally construed in favor of its sufficiency.'' [Emphasis added.] Nothing is said therein about ''attorney of record,'' a phrase of recognized meaning. The words, ''his attorney,'' must mean the appellant's attorney, whether he appears as such of record or not. The case of *Jackson* v. *Jackson, supra,* is contrary to that view but it failed to give effect to the above quoted rule of the new Rules on Appeal and is disapproved. It is conceded that Mr. Chase, when he signed the notice of appeal, was attorney for one of the appellants as special administratrix of the estate, and merely because another attorney was substituted in the contest proceedings alone the year before the appeal was taken, does not establish that Chase was not appellants' counsel. There is sufficient to infer that he was one of appellants' counsel who could sign the notice of appeal. The motion to dismiss the appeal from the first order should therefore be denied.

In connection with the petition for a writ of supersedeas and the appeal from the third order, it appears that the latter order is connected with the first order and was made on the basis that no appeal was perfected from the order appointing Youlian as executor (first order), and therefore he and not the special administratrix should have possession of the assets of the estate. But the appeal from the first order was duly

perfected and is pending. Hence it has not been finally determined whether respondent Youlian was properly appointed executor. It will be remembered that Nadia Williams was appointed *special administratrix* and as such gained possession of the assets of the estate. However, upon the appointment and qualification of a general administrator or executor the powers of the special administrator cease. (Prob. Code, §'466; *Security-First Nat. Bk.* v. *Superior Court*, 100 Cal. App. 702 [280 P. 995]; see *Miller* v. *Superior Court*, 186 Cal. 453, 456 [199 P. 805]; *Guardianship of Van Loan*, 142 Cal. 429, 433 [76 P. 39].) ■ On the other hand, an appeal from an order appointing an executor suspends his powers and stays proceedings in the court below. (*Estate of Stough*, 173 Cal. 638 [161 P. 1]; *Security-First Nat. Bk.* v. *Superior Court, supra*, 11A Cal.Jur. 225.) The appeal does not however reinstate the special administrator. Another special administrator should be appointed. (*Security-First Nat. Bk.* v. *Superior Court, supra*.) ■ Thus, as there is an automatic stay of proceedings in the court below with reference to the appointment of the executor, respondent Youlian, and the authority of special administratrix Nadia Williams is revoked, a writ of supersedeas should issue to stay the execution of the order compelling the special administratrix to deliver the assets of the estate to the executor. ■ Supersedeas is available in a corrective capacity where there is a statutory stay. (*Smith* v. *Smith*, 18 Cal.2d 462 [116 P.2d 3].) Of course, the trial court may and no doubt will appoint another special administrator to hold and manage the assets of the estate pending the disposition of the appeal from the order appointing Youlian executor which is still pending.

The appeal from the judgment is dismissed. The motion to dismiss the appeal from the first and third orders is denied. The second order is affirmed. Let a writ of supersedeas issue restraining the court from compelling compliance with the third order.

Shenk, J., Schauer, J., and Spence, J., concurred.

Gibson, C. J., Edmonds, J., and Traynor, J., concurred in the judgment.

Appellants' petition for a rehearing was denied April 21, 1947.