74  353
75  598

[No. 12142. In Bank. — December 20, 1887.]

In the Matter of the Estate of HONORA LANGAN, Deceased. JOHN A. LANGAN et al., Appellants, v. THOMAS F. LANGAN et al., Respondents.

Estate of Decedent — Probate of Will — Contest — Findings on Special Issues — General Verdict — Unauthorized Judgment may be Set Aside. — Under sections 1312 and 1314 of the Code of Civil Procedure, on a contest of the probate of a will, the jury must return a special verdict upon the issues submitted to them; and a general verdict in favor of the contestant which is not supported by the findings on the special issues is unauthorized, and a judgment entered thereon denying· the probate may be set aside, on the motion of the proponent, within a reasonable time after its entry.

Id. — Finding on Legal Conclusion. — In such a contest, a negative finding on a special issue as to whether the instrument offered for probate had been declared by the testatrix to be her last will, and had been attested as required by law, is a finding of a mere conclusion of law.

Id. — Execution of Will — Name Signed by Witness. — The subscription by a witness to a will of the name of the testatrix, made under her· direction, in her presence, and at her request, is a sufficient execution of· the will, although the person signing her name omits to write his own. name near by as a witness to her signature.

Appeal from an order of the Superior Court of Merced County setting aside a judgment.

The proceeding was instituted by Thomas F. Langan for the probate of the will of Honora Langan. John A. Langan and others opposed the admission of the will to probate, and filed a contest, in which they alleged as grounds of opposition: 1. That the instrument was not the last will of the deceased; 2. That the deceased, at the time of signing the alleged will, was not of sound mind;

3. That the deceased did not sign the will, nor was it signed by any person in her presence or under her direction, and that she never, in the presence of supposed witnesses, declared the same to be her will; and 4. That at the time the will was signed the decedent was acting under the restraint, undue influence, and fraudulent representations of Thomas F. Langan, the residuary legatee and executor, and of his wife, Jane Langan. On the contest so raised, special issues were framed and submitted to the jury as follows: 1. Was the said Honora Langan, deceased, of sound mind at the time of the execution of said alleged will? 2. Was the said alleged will signed by the said Honora Langan? 3. Was the said alleged will declared by said Honora Langan to be her last will, and attested as required by law? 4. If said alleged will was signed by said Honora Langan or by some one at her request, was she, said Honora Langan, then under the duress or undue influence of, or acting by the menace or fraud of, Thomas F. Langan and Jane Langan, his wife, or of either of them? 5. Was the. instrument now offered for probate subscribed at the end thereof by the testatrix, or by some person for her and in her behalf, in her presence and by her direction? 6. Was the name of the said Honora Langan signed to said instrument at the end thereof by another person than herself, but under her direction and in her presence and at her request? 7. Did such other person who so signed her name to said instrument thereupon, at her request and in her presence, write his own name near said signature of said Honora Langan as a witness to her said signature?

The jury returned a general verdict in favor of the contestants; and of the special issues, the fifth and sixth were answered in the affirmative, the third and seventh in the negative, and on the first, second, and fourth, the jury disagreed. Upon this verdict a judgment denying the probate was entered, which, on motion of the pro-

ponent, was subsequently vacated. The further facts are stated in the opinion.

*Frank H. Farrar*, for Appellants.

*J. K. Law*, and *F. M. Ostrander*, for Respondents.

Belcher, C. C. — This is an appeal from an order vacating and setting aside a judgment.

The question grows out of the contest of a will, in which several special issues were framed and tried before a jury. The jurors returned a general verdict in favor of the contestants, and found for them on the issues numbered 3 and 7, and against them on those numbered 5 and 6; and they disagreed and returned no verdict on those numbered 1, 2, and 4.

Upon the verdict so returned a judgment denying probate of the will was entered on the thirtieth day of September, 1886, and within ten days thereafter the motion to set it aside was made.

It is claimed for the contestants (appellants here) that the respondents' only remedy was a motion for new trial or appeal, and that the court had no jurisdiction to make the order complained of.

We think the court had jurisdiction to make the order, and that its action under the circumstances was proper. The general verdict was not authorized, and consequently furnished no support for the judgment. (Code Civ. Proc., secs. 1312, 1314.) The finding upon issue No. 3 was a finding of conclusions of law, and not of fact. (*Paulson* v. *Nunan*, 64 Cal. 290.) And the finding upon issue No. 7 was upon an immaterial and irrelevant matter. (*Estate of Toomes*, 54 Cal. 509; 35 Am. Rep. 83.)

We have, then, a case where there was simply a mistrial, and where there was no lawful authority to enter any judgment. In this respect the case would have been the same if there had been no pretense of a trial.

A judgment entered under such circumstances is void, and may be set aside on motion.

As the superior court has no terms, a motion to set aside a judgment should be made within a reasonable time, and we think the motion here was so made. (*Ex parte Gilmore*, 71 Cal. 624.)

The order should be affirmed.

HAYNE, C., and FOOTE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the order is affirmed.