[S. F. No. 15024.   In Bank.—July 31, 1935.]

In the Matter of the Estate of JULIUS SOBOSLAY, Deceased. PROTESTANT ORPHAN ASYLUM and PROTESTANT COLLEGE, Appellants, v. ALBERT J. FANKHAUSER et al., Respondents.

Hubbard & Hubbard for Appellants.

John R. Tyrrell and W. L. A. Calder for Respondents.

LANGDON, J.—This is an appeal from an order overruling appellants' objections to the final account of respondents, executors of the last will of the decedent Julius Soboslay; and from an order settling the final account and decreeing distribution of the estate.

The decedent died testate, a resident of the city and county of San Francisco, April 22, 1930, leaving estate in California. His will provided for legacies in the sum of $21,000, devised a tract of land to respondents, and left the residue to the appellants, Protestant Orphan Asylum and Protestant College, in Hungary.

Respondents received letters testamentary May 15, 1930. They filed their final account and petition for distribution February 5, 1932, showing a cash balance of $60,846.54 in the estate. On February 17, 1932, the account was settled without objection, and the decree of distribution entered on the same day. Respondents, however, refused to make distribution in accordance with the terms of the decree. It appeared that two of said respondents, Albert Fankhauser and Clara Baldizzone, had previously filed claims against the estate in the aggregate sum of $30,000, which claims had been allowed and paid. But the executors had inadvertently failed to deduct this sum from the amount set forth in their account as available for distribution.

Accordingly, on May 5, 1932, appellants filed notice of motion to vacate the judgment under section 473 of the Code of Civil Procedure, on the ground that it was incomplete, erroneous and inadvertently entered. An affidavit of appellants' attorney-in-fact accompanied the notice of motion. On the same day respondents likewise filed an affidavit setting forth the above facts. Without waiting for a hearing on the day specified in appellants' motion, the court on said date of May 5, 1932, made an order setting aside the decree of distribution, and filed an amended decree. Respondents thereafter, on June 3, 1932, filed an amendment to their ac-

count, including therein the allowance of the two claims. It then appeared that after payment of inheritance taxes, the balance in the estate was $20,717.20, less than the amount of the cash legacies provided for in the will. As a result, no residue was left for appellants.

On June 10, 1932, appellants filed exceptions to certain items in the original account and to the items set forth in the amendment thereto, that is, the claims of the two respondents. These were overruled, the account settled, and distribution ordered.

■ Appellants contend that the proceedings by which the amended account and decree of distribution were made were not in compliance with statutory requirements, and in consequence were void. The record shows that appellants on May 5, 1932, gave the original notice of motion to set aside the decree. The court, instead of hearing the motion on the date specified, made its order on the same day on which appellants' motion and affidavit, and respondents' affidavit, were filed. Appellants suggest that the original motion lapsed, and that the *ex parte* order of the court, without notice to them, was void under section 473 of the Code of Civil Procedure. There can be no doubt that in the ordinary case, a motion under this section must be made upon notice, and the setting aside of a judgment, without such notice, is an unwarranted act. (*Brownell* v. *Superior Court*, 157 Cal. 703 [109 Pac. 91].) There are, however, two reasons why this order was not objectionable. In the first place, appellants, who now complain of it, originally requested it by motion and affidavit; and the concurrence of both appellants and respondents in seeking the very relief which was granted makes any formal omission of notice wholly immaterial. ■ Secondly, the amendment was not a judicial act; the court merely corrected an error of omission in the account and decree of distribution, by reference to the record in the case. The power of the court to correct such clerical errors on its own motion is well recognized. (See *Estate of Langan*, 74 Cal. 353 [16 Pac. 188] ; *Carpenter* v. *Superior Court*, 75 Cal. 596, 598 [19 Pac. 174] ; *Wiggin* v. *Superior Court*, 68 Cal. 398 [9 Pac. 646].)

■ On the merits, appellants' objections arise as follows: Elizabeth Soboslay, wife of the decedent, died March 9, 1928,

about two years prior to his death. She left a writing entitled "My Last Will", asking that her husband make certain gifts to respondents, and stipulating that her husband was to have five years to do so. Respondent Fankhauser became administrator of her estate, the probate court having held the writing not testamentary. Subsequently, however, Robert T. Iberson was granted letters of administration with the will annexed, on the theory that this writing, admitted to probate as the will of Elizabeth Soboslay, made gifts of $15,000 each to the two respondents above mentioned.

Julius Soboslay, in 1928, shortly after his wife's death, sent letters to said respondents, inclosing his promissory notes, payable in four years, for the said sum, declaring that he was carrying out his wife's wishes. Appellants contend that the amount of community property acquired by the parties since 1923 (of which one-half would be subject to the testamentary disposition of the wife under section 201 of the Probate Code) was, under the evidence, much less than the amount of these gifts. The testimony on this point is in conflict. The probate court in the present proceeding allowed the above claim of respondents, and found that the notes of decedent were based upon a valuable consideration. The theory of this finding is, it would appear, that Mrs. Soboslay, by her will, sought to leave certain community property to these respondents; that her husband took over all of the property, and in lieu of immediate payment to respondents, executed these promissory notes. It would seem that under these facts, the court could conclude that the notes were not merely unenforceable future promises of a donor, but were supported by consideration.

But it is unnecessary to enter into the details of this dispute. The claims were filed, allowed and the account was settled February 17, 1932. No exceptions were filed until June 10, 1932, 114 days later. By that date, the time for appeal had expired, and the account became final. (See Prob. Code, sec. 931; *Kowalsky* v. *Superior Court,* 13 Cal. App. 218 [109 Pac. 158]; *Estate of Grant,* 131 Cal. 426 [63 Pac. 731].) The court's order setting aside the decree of distribution and final account was obviously for the purpose of correcting an inadvertent omission, and the court acted within its discretion in refusing at that time to permit the

reopening of consideration of a claim originally allowed without objection.

The orders appealed from are, and each is, affirmed.

Shenk, J., Thompson, J., Seawell, J., Waste, C. J., and Preston, J., concurred.